UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN WILEY & SONS, INC. et al.,                    :

                                                   :

                              Plaintiffs,          :          OPINION & ORDER

                                                   :

             -v.-                                  :

                                                   :          13 Civ. 816 (WHP) (GWG)

                                                   :

BOOK DOG BOOKS, LLC et al.,                        :
                              Defendants.          :
------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiffs John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc.

seek an order requiring defendants Book Dog Books, LLC and Philip Smyres to pay the

expenses plaintiffs incurred when Smyres's counsel cancelled the second day of his deposition

the night before it was scheduled to occur.  We grant plaintiffs' application in its entirety.

I.      BACKGROUND

        On February 4, 2013, plaintiffs filed suit against Book Dog Books, LLC and Philip

Smyres, its principal owner and operator, asserting copyright and other federal claims.  See

Complaint, filed Feb. 4, 2013 (Docket # 1); First Amended Complaint, filed Apr. 24, 2013

(Docket # 16).  On November 20, 2013, plaintiffs began the deposition of Smyres but after one

day of questioning, the deposition was adjourned so that plaintiffs could obtain additional

documents from defendants.  See Declaration of Matthew J. Oppenheim, dated Feb. 28, 2014

(annexed as Ex. 2 to Plaintiffs' Application, filed Feb. 28, 2014 (Docket # 89) ("Pl. App."))

("Oppenheim Decl."), ¶ 3(a).  After various fits and starts, the parties reached an agreement on

January 29, 2014, under which plaintiffs would take the depositions of Smyres and another

1

individual, Thomas Cahill, on two consecutive days.  <u>See id.</u> ¶ 3(c).  Cahill's deposition was to

take place on February 19th, and Smyres's deposition was to take place February 20th.  <u>Id.</u>

There is some disagreement as to precisely what happened after Cahill's deposition was

finished, but the following facts are essentially undisputed.  Upon the completion of Cahill's

deposition at about 6:30 p.m. on February 19, defendants' attorney, Tiffany Miller, asked

plaintiffs' attorneys if they planned to make plaintiffs' witnesses available for depositions during

the following week.  <u>Id.</u> ¶ 3(d).  Plaintiffs' counsel responded that they would not allow their

witnesses to be deposed until Miller revealed what Rule 30(b)(6) topics she planned to ask

about.  <u>Id.</u>  Miller then "announced that Mr. Smyres was not going to appear for his deposition if

Plaintiffs were not going to make their witnesses available the following week."  <u>Id.</u>  Upon

hearing this, plaintiffs' counsel, Matthew Oppenheim

> immediately informed Ms. Miller that: Mr. Smyres had a legal obligation to show
> up the next day for the deposition that had long been scheduled; Defendants are
> not permitted to cancel a pending deposition on the grounds that they believe they
> are entitled to discovery from Plaintiffs; Defendants should carefully consider the
> issue and the potential ramifications, including that Plaintiffs would seek
> sanctions if they did not appear; and Plaintiffs would be waiting for them the next
> morning, ready to proceed with the deposition.

<u>Id.</u> ¶ 3(e).  Miller departed and did not again contact plaintiffs' counsel.  <u>Id.</u>

On the morning of February 20, 2014, plaintiffs' counsel and the court reporter appeared

on the record at the time that Smyres's deposition was scheduled to begin.  <u>Id.</u> ¶ 3(f).  Smyres

and Miller did not appear.  <u>Id.</u>  Plaintiffs' counsel then noted Smyres's failure to appear on the

record.  <u>Id.</u>  That same day, plaintiffs filed a letter requesting that this Court "order Defendants

to produce Mr. Smyres for deposition within two weeks, as well as to reimburse Plaintiffs their

costs incurred as a result of Mr. Smyres' no-show . . . . "  <u>See</u> Letter from Matthew Oppenheim,

filed Feb. 20, 2014 (Docket # 83), at 3.  This letter also raised a number of other discovery

issues.  Defendants thereafter responded to this letter.  See Letter from Tiffany Miller, filed Feb.
24, 2014 (Docket # 87).  At a conference held on February 25, 2014, the Court found that
defendants had failed to present an adequate excuse for why they did not appear at the February
20 deposition.  See Transcript of Civil Cause for Discovery Disputes Before the Honorable
Gabriel W. Gorenstein, dated Feb. 25, 2014 (Docket # 98) ("Hr."), 3.  The Court ordered that
Smyres honor the parties' prior agreement to complete the deposition in New York City and
gave plaintiffs leave to file the instant application for expenses.  Hr. 7, 15.

    In their application, plaintiffs seek an order pursuant to Fed. R. Civ. P. 37(d) requiring
defendants to pay a sanction of $4,542.30, an amount that includes $705.80 in hotel costs, $934
in train fare, $262.50 in court reporter fees, and $2,640 in attorney's fees.  See Pl. App. at 4; see
also Reply Letter from Matthew Oppenheim, filed Mar. 5, 2014 (Docket # 93) ("Pl. Reply").  In
a sworn declaration, Oppenheim provides additional details about the relevant costs.  See
Oppenheim Decl.  With respect to the hotel costs, Oppenheim states that his hotel reservation
"could not be cancelled for that night in time for a refund."  Id. ¶ 4(a).  Oppenheim also states
that the attorney's fees were "for a portion of the expenses of filing the Motion to Compel and
this Fee Application."  Id. ¶ 4(d).  He explains that plaintiffs' request

> covers 5 hours of undersigned counsel's time, as well as 3 hours of Julie C.
> Chen's time, for: drafting and filing the February 20, 2014 letter seeking to
> compel Mr. Smyres' deposition, reviewing Defendants' February 24, 2014
> responses, preparing for and attending the February 25, 2014 hearing, and
> preparing this Fee Application.  Actual time records would show that the time
> spent was in excess of 15 hours.  For purposes of this matter, undersigned counsel
> is billing his clients at $435/hour with a 20% discount or $348/hour.  Julie C.
> Chen's hourly rate is $375/hour with a 20% discount or $300/hour.

Id.

    Defendants have submitted a letter opposing plaintiffs' application.  See Response Letter

from Tiffany Miller, filed Mar. 4, 2014 (Docket # 91) ("Def. Resp.").  In their letter, defendants argue that plaintiffs' application should be denied because defendants "believed they had a good faith and proper reason for not appearing on Feb. 20 for further deposition time" and that "[a]ssessing fees should be a punishment for bad faith conduct."  Id. at 3.  Defendants contend that plaintiffs' travel and hotel costs should not be recoverable because plaintiffs were already in New York City to take Cahill's deposition, and thus, they would have incurred those expenses even if the Smyres deposition had not been scheduled for the next day.  Id.  Defendants also argue that plaintiffs should not be able to recover attorney's fees to compensate them for arguing this issue at the February 25 conference and making the instant application because the letter that brought the issue to the Court's attention "contained numerous other items of discovery disputes that were going to be raised, regardless."  Id.  In defendants' view, "[t]he discovery disputes addressed in the Feb. 20 and Feb. 24 letters would have occurred even if Mr. Smyres had submitted to deposition [and thus] Mr. Smyres should not be assessed for the cost of litigation events that would have happened in any event."  Id. at 3-4.  Finally, defendants assert that the court reporter fees were not a reasonable expense caused by the deposition because "it was made absolutely crystal clear that Mr. Smyres was not going to appear the next day [and thus] any cost incurred the next day such as court reporter fees, could have been avoided."  Id. at 4.

II.    DISCUSSION

    A.    Rule 37(d)

    Rule 37(d) provides that a court has the power to order sanctions when "a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).  Pursuant to this Rule, a court may award a variety of sanctions

but "must" require the recalcitrant party or its attorney or both "to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Furthermore,

"[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought

was objectionable, unless the party failing to act has a pending motion for a protective order

under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

      Here, there is no doubt that defendants' conduct falls within the purview of Rule 37(d).

It is undisputed that Smyres was given proper notice of the February 20 deposition and that he

knowingly chose not to attend. Under Rule 37, "[c]onduct is substantially justified if there was a

genuine dispute or if reasonable people could differ as to the appropriateness of the contested

action." Klein v. Torrey Point Grp., LLC, 2013 WL 5761401, at *20 (S.D.N.Y. Oct. 23, 2013)

(quoting Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y.

2011)). Rule 37 places the burden of proof on the disobedient party to show "that his failure is

justified or that special circumstances make an award of expenses unjust." See Novak v.

Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) (citation omitted); accord Kamps

v. Fried, Frank, Harris, Shriver & Jacobson L.L.P., 274 F.R.D. 115, 117 (S.D.N.Y. 2011).

      Defendants argue in their response letter that the reason why Smyres did not attend his

deposition was because plaintiffs had reneged on their promise to make their witnesses available

to be deposed on February 26. Def. Resp. at 2. Defendants assert that Miller "notif[ied]

Plaintiffs' counsel that, if the prior agreements by Plaintiffs for scheduled depositions were to be

violated, that Mr. Smyres would not appear for additional deposition hours on the following

day." Id. Thus, in defendants' view, plaintiffs' refusal to make their witnesses available for

depositions justified defendants' cancellation of the Smyres deposition. The Court already

rejected this argument at the February 25 conference, see Hr. 3, but it bears repeating that defendants' explanation does not constitute a substantial justification for cancelling the Smyres deposition. First, defendants have presented no case law or other authority supporting their view that they had the authority to cancel the Smyres deposition at the last minute, without the filing of a protective order as required by Rule 37(d)(2), based solely on their separate discovery disputes with plaintiffs. To the contrary, it is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations. See Gropper v. David Ellis Real Estate, L.P., 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent . . . ."); accord Lumbermens Mut. Cas. Ins. Co. v. Maffei, 2006 WL 2709835, at 5 n. 21 (D. Alaska Sept. 20, 2006) ("The court does not consider 'tit-for-tat' objections to discovery to be legitimate objections. If the opposing party is recalcitrant in responding to discovery requests, the rules provide a mechanism for compelling responses and/or imposing sanctions. The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material.").

Second, we do accept defendants' argument that, in light of the presumption in the Federal Rules that a witness need only appear for a 7-hour deposition, see Fed. R. Civ. P. 30(d)(1), they could have cancelled the deposition at any time without penalty. Here, defendants had already agreed to the second day of a deposition and had even agreed on a specific date for it to occur. Because the second deposition day was the subject of a "stipulation," and because

defendants never sought to be relieved of that stipulation, Rule 30(d)(1) did not apply.[1]

Defendants argue that it would be improper to issue sanctions in these circumstances because defendants "sincerely believed they had a good faith and proper reason for not appearing." Def. Resp. at 3. We will accept counsel's statement as to her good faith. It is well-established, however, that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith. See Blauinsel Stiftung v. Sumitomo Corp., 2001 WL 1602118, at *7 (S.D.N.Y. Dec. 14, 2001) ("[A] finding of bad faith is not a prerequisite to the imposition of sanctions under Rule 37(d)."); accord Gagasoules v. MBF Leasing LLC, 286 F.R.D. 205, 215 (E.D.N.Y. 2012) ("Although [the plaintiffs' conduct] may not rise to the level of bad faith warranting sanctions under this Court's inherent power, the Court has no trouble concluding that sanctions are warranted against [the plaintiffs] under Rule 37(d)."). Rather, it is sufficient here that plaintiffs have shown that Smyres improperly refused to appear for his deposition and caused plaintiffs to incur unnecessary expenses. Cf. Dragon Yu Bag Mfg. Co. Ltd. v. Brand Sci., LLC, 282 F.R.D. 343, 344 (S.D.N.Y. 2012) ("[Defendant] does not dispute that [its officers] knowingly failed to appear for noticed depositions . . . . It is thus clear that sanctions are warranted under Rule 37(d)."); Blauinsel Stiftung, 2001 WL 1602118, at *7 & n.5 (finding that sanctions were appropriate under Rule 37(d), where plaintiff's attorney

---

[1] The outcome of these events might have been different had defendants announced well in advance of February 20 that they planned to cancel the second day of the Smyres deposition, as this would have allowed plaintiffs to avoid the costs they incurred and to have obtained a ruling from the Court. No such notice was provided, however, and thus defendants must bear the risk that their cancellation was not justified. Moreover, defendants' actions here were particularly unjustified as plaintiffs had made clear weeks beforehand in emails and at a court hearing that the depositions of their own witnesses were not in fact firmly scheduled for the dates defendants' counsel assumed. See Exhibits 1, 2, 3 to Pl. Reply.

took action to cancel a deposition hours before it was supposed to take place and after defense counsel had already traveled to the deposition location).

Accordingly, because defendants have failed to show substantial justification for their actions or that imposing sanctions would be otherwise unjust, we will award plaintiffs their reasonable expenses caused by Smyres's failure to attend his deposition.

B.      Calculation of Award

A party applying for fees under Rule 37(d) is allowed to recover reasonable expenses to the extent that those expenses were "caused" by the opposing party's discovery violation.  See Argo Marine Sys., Inc. v. Camar Corp., 102 F.R.D. 280, 285 (S.D.N.Y. 1984) ("[T]he Court must make a careful determination, based upon its knowledge and experience of the litigation process, of the additional expenses incurred by defendant as a direct result of such noncompliance as is found.").  Accordingly, where an expense could reasonably have been avoided, that expense is not recoverable.

1.      Hotel and Travel Expenses

Plaintiffs argue that Smyres's failure to attend his deposition caused plaintiffs to sustain hotel expenses for two rooms for one night totaling $705.80 and travel expenses from Washington, D.C., to New York City by train totaling $934.  See Pl. App. at 4; Oppenheim Decl. ¶¶ 4(a)-(b).  Such expenses are properly recovered under Rule 37.  See, e.g., Kamps, 274 F.R.D. at 120; Whitney v. JetBlue Airways Corp., 2009 WL 4929274, at *9 (E.D.N.Y. Dec. 21, 2009). Plaintiffs have provided documentation in support of their claim, consisting of receipts for two rooms at Le Parker Meridien Hotel and an Amtrak sales receipt for two round-trip train fares from Washington, D.C., to New York City.  See Receipts (annexed as Ex. A to Pl. App.) ("Receipts").

Defendants contend that plaintiffs would have incurred these expenses even if the Smyres deposition had not been cancelled because plaintiffs were already traveling to New York City to depose Cahill.  But this argument misses the mark as plaintiffs are entitled to obtain the extra costs they incurred as a result of defendants' conduct.  If the depositions had gone as planned, plaintiffs would have traveled to New York the day before the Cahill deposition, would have spent that night and the night of the Cahill deposition in the hotel, and would have departed from New York City following the Smyres deposition.  Thus, plaintiffs would have had to pay for two nights in a hotel and would have been done with the two depositions.  Because of the cancellation, however, plaintiffs will now have to pay for three nights in a hotel: that is, the two nights they already paid for, and the additional night for the to-be-rescheduled deposition of Smyres.  Similarly, plaintiffs will now have to make a second round trip to New York City to complete the Smyres deposition at a later date.  See Hr. 15 (ordering defendants to allow plaintiffs to complete the Smyres deposition in New York City).  Accordingly, plaintiffs are entitled to collect the additional expenses incurred as a result of the improper cancellation: that is, one night in hotel costs, $705.80, and a second round trip by train in travel costs, $934.[2]

>       2.       Court Reporter Fees

Plaintiffs seek the cancellation fee of $262.50 charged by the court reporter and have produced an invoice showing that the court reporter charged plaintiffs this amount for a "Same Day Cancellation."  See Pl. App. at 4; Oppenheim Decl. ¶ 4(c); Receipts.  Defendants correctly

---

[2] This ruling assumes that plaintiffs' counsel will need to make an extra trip to New York to take the Smyres deposition.  In the event it is convenient for all parties to arrange for the Smyres deposition to occur consecutively to another deposition being held in New York, plaintiffs should return the portion of the sanction allocated to train fare as such an arrangement would mean that defendants' improper cancellation would not result in plaintiffs' having to make an unnecessary trip to New York.

argue that a party claiming expenses under Rule 37(d) has a responsibility to try to limit expenses resulting from the other party's discovery violation.  See Def. Resp. at 4; cf. Travel Sentry, Inc. v. Tropp, 2008 WL 2097613, at *6 (E.D.N.Y. May 15, 2008) (in deciding amount of sanctions to award under Rule 37, acknowledging that "[t]he degree to which the offended person attempted to mitigate any prejudice suffered by him or her is a factor in fashioning an appropriate sanction") (internal quotation and citation omitted).  Thus, they argue that the Court should deny the request for court reporter fees because these fees could reasonably have been avoided by plaintiffs.   In defendants' view, because on the evening of February 19 defendants "made absolutely clear that Mr. Smyres was not going to appear the next day," plaintiffs could have avoided the cost by cancelling the court reporter that night.  Def. Resp. at 4.  For their part, plaintiffs assert that "while Defendants may have known for a certainty that they were not going to show up for the deposition on the morning of February 20th, Plaintiffs did not.  It was unclear to Plaintiffs whether Defendants were engaged in yet another act of gamesmanship, or whether they really did not intend to appear."  Pl. App. at 3.

In these circumstances, we find that plaintiffs behaved reasonably in not cancelling the deposition after the events of February 19.  While defendants assert in their response letter that they made it "crystal clear" to plaintiffs that Smyres would not show up for the deposition on February 20, the Court is sympathetic to plaintiffs' view that they could not rely on this assertion and that it could have been an act of gamesmanship.  The Court bases this view on the fact that the last minute cancellation for the reason given by Miller was so outside the bounds of reasonable conduct that plaintiffs could reasonably believed that Miller and Smyres might have reversed course and announced later in the evening that on reflection they planned to show up the next day.  This belief was all the more reasonable in light of Oppenheim's reminder to Miller

that Smyres had a legal obligation to attend the deposition and could face sanctions if he did not do so.  See Oppenheim Decl. ¶ 3(e).  In other words, plaintiffs could reasonably have believed that Miller might consider the consequences of failing to attend and change her mind.  Accordingly, we find that plaintiffs acted reasonably in not cancelling the court reporter and therefore grant plaintiffs' request for court reporter cancellation fees in the amount of $262.50.

### 3.    Attorney's Fees

Finally, plaintiffs seek $2,640 in attorney's fees "for a portion of the expense of filing the Motion to Compel and this Fee Application."  Pl. App. at 4.  As noted, Fed. R. Civ. P. 37(d)(3) provides that a court "must" require that the party who improperly fails to attend a deposition, or its attorney, to pay "attorney's fees" as part of the "reasonable expenses" required to be awarded under that rule.  Thus, plaintiffs are entitled to be compensated for their fees in making the instant motion.  See, e.g., Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y., 212 F.R.D. 464, 470 (S.D.N.Y. 2003) (where plaintiff failed to attend his deposition, defendants were awarded attorney's fees for attorney's time spent responding to plaintiff's improper discovery conduct); Am. Intern. Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) (where defendant failed to comply with court order to attend deposition, court awarded plaintiff attorney's fees for time spent in preparing th motion for sanctions); accord Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., Inc., 212 F.R.D. 94, 104 (E.D.N.Y. 2002) ("[T]he court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions.").  "The Second Circuit has held that when determining the amount of compensatory sanctions to be awarded, 'due process requires, at a minimum, that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge

the accuracy of such submissions and the reasonableness of the requested fees and expenses.'"
Knox v. Palestine Liberation Org., 229 F.R.D. 65, 70 (S.D.N.Y. 2005) (quoting Mackler Prods.,
Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000)).  That process was followed here.

Plaintiffs assert that their attorneys, Matthew Oppenheim and Julie Chen, spent more
than 15 hours drafting the motion to compel Smyres's deposition, preparing for and attending the
February 25 hearing, and drafting the instant fee application.  See Oppenheim Decl. ¶ 4(d).
Plaintiffs do not seek all 15 hours, however.  Instead, they request fees for five hours of
Oppenheim's time, billed at $348 per hour, and three hours of Chen's time, billed at $300 per
hour.  Id.; cf. Creative Res. Grp. of N.J., Inc., 212 F.R.D. at 104 (in determining amount of
attorney's fees awarded under Rule 37, distinguishing the portion of the attorney's fees that
"would not have been necessary if the defendants had conducted themselves properly in the
discovery process" from those that "would have been incurred in the course of normal
discovery").  Defendants do not argue that these hourly rates are unreasonable.  Nor do they state
the number of hours that they believe would have been reasonably expended to address the
attorney fee and deposition issue, let alone assert that the eight hours requested is unreasonable.
Instead, they assert that the Court should not award the 15 hours billed.  Def. Resp. at 4.  But
plaintiffs do not seek 15 hours.  They seek eight hours.  Given that plaintiffs had to devote some
attorney time to the deposition issue in the February 20 letter, that they had to address the matter
at the February 25 hearing, that they were then compelled to write two letters to the Court in
support of their fee application, and that defendants have not asserted the amount of time that
they believe should have reasonably been devoted to these tasks, the Court accepts that the
proposed eight hours of attorney time is reasonable.  Thus, we award plaintiffs fees for eight
hours of time, totaling $2,640.

III.   CONCLUSION

For the reasons set forth above, plaintiffs' application (Docket # 89) for fees and expenses totaling $4,542.30 is granted.  Defendants shall pay plaintiffs this sum within 14 days.

SO ORDERED.

Dated: March 18, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge