UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOHN WILEY & SONS, INC et al.,                    :

                                                                                          :

                         Plaintiffs,           :         <u>MEMORANDUM ORDER</u>

                                                                                          :

     -v.-                                                                      :         13 Civ. 816 (WHP) (GWG)

                                                                                          :

                                                                                          :

BOOK DOG BOOKS, LLC et al.,
                        Defendants.        :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

 Nonparty Thomas Cahill has moved for a protective order that would allow him to refuse to provide (1) the identity of suppliers or vendors with whom he conducts business to the extent these entities have not supplied him with any books in which plaintiffs hold rights and (2) the names of books he deals in that are not published by plaintiffs.[1] Cahill seeks the protective order on the basis that these categories of information are not relevant to any of plaintiffs' claims and are trade secrets.

 At the outset, we reject any contention by plaintiffs that the Court has already ruled that these categories of information are relevant. <u>See</u> Pl. Opp. at 5. The prior ruling cited by plaintiffs was in the context of a request by plaintiffs that they be provided with unredacted versions of emails and other documents that otherwise contained relevant information. <u>See</u> Letter, dated Feb. 4, 2014 (Docket # 74), at 2-3. The Court ordered production of unredacted versions of these documents, <u>see</u> Transcript of Proceedings, held Feb. 13, 2014 (Docket # 85), at 15, because redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege. <u>See generally</u> <u>In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.</u>, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"). Thus, while supplier information was among the categories of information that were

---

[1] <u>See</u> Motion for Protective Order by Non-Party Thomas Cahill, filed March 5, 2014 (Docket # 95); Memorandum of Law in Support of Motion for Protective Order, filed March 5, 2014 (Docket # 96) ("Def. Mem."); Plaintiffs' Opposition to Thomas Cahill's Motion for Protective Order, filed March 13, 2014 (Docket # 101) ("Pl. Opp"); Reply Brief in Support of Thomas Cahill's Motion for Protective Order, filed March 17, 2014 (Docket # 104) ("Def. Reply).

1

ultimately required to be produced, the Court did not address the issue of whether that information was independently relevant.

Governing Legal Standards

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of any non-privileged information "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The evidence "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Courts have recognized that "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (citations omitted). Thus, the Rule 26(b)(1) standard presents a "relatively low threshold" for a party to show that the material sought is relevant to any claim or defense in the litigation. In re Zyprexa Injunction, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007).

Even where information is relevant, Rule 26(b)(2)(C)(i)-(iii) authorizes a court to limit otherwise permissible discovery where, among other things, the discovery sought is "unreasonably cumulative," the party seeking the discovery has had "ample opportunity" to obtain the information sought, or "the burden or expense of the proposed discovery outweighs its likely benefit." Additionally, Rule 26(c)(1) provides that, where "good cause" is demonstrated, the court may forbid discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c) "confers broad powers upon the court to limit or prevent discovery even though the information sought is relevant and within the scope of Rule 26(b)." Coyne v. Houss, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984). It specifically contemplates that in the case of "trade secret[s] or other confidential . . . commercial information," that the Court may order that such information be not revealed at all or be revealed "only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Where a party objects to a discovery request, the "objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" McKissick v. Three Deer Ass'n Ltd. P'ship, 265 F.R.D. 55, 56–57 (D. Conn. 2010) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (alteration in original)). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003).

To the extent a party seeks a protective order under Rule 26(c), that party "has the burden of showing that good cause exists for issuance of that order." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004); accord Duling v. Gristedes Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (citing cases). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotations and citations omitted); see also Allen v. City of New York, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (good

cause under Rule 26(c) requires demonstrating a "clearly defined and serious injury" that would result from disclosure) (citations omitted). Additionally, "the harm must be significant, not a mere trifle." Duling, 266 F.R.D. at 71 (quoting Schiller v. City of New York, 2007 WL 136149, at *5 (S.D.N.Y. Jan. 17, 2007)). The Second Circuit has cautioned that Rule 26(c) "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944–45 (2d Cir.1983). Ultimately, "[t]he grant and nature of protection is singularly within the discretion of the district court." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (citation omitted).

Relevance of the Sought-After Information

Here, plaintiffs have made a sufficient showing that the sought-after information fits within Rule 26(b)(1)'s broad definition of relevance. As plaintiffs note, information about Cahill's interactions with suppliers may demonstrate "whether Defendants have continued to purchase from known counterfeiters" — a fact that would tend to show willful copyright infringement. Pl. Opp at 8-9. A copyright defendant's infringing activities, even with respect to works in which the plaintiff has no rights, are relevant to arriving at a damages award in the event liability is established. See, e.g., Lauratex Textile Corp. v. Allton Knitting Mills Inc., 517 F. Supp. 900, 903-04 (S.D.N.Y. 1981). Thus, we find that the identity of Cahill's suppliers and information concerning other titles purchased are relevant under Fed. R. Civ. P. 26(b)(1), as these categories of information would bear upon whether or not defendants engaged in willful copyright infringement with respect to other books.

Cahill argues that the information is not relevant in this case because he was acting independently of defendants. See Def. Mem. at 8-9. As explained at a previous conference, however, plaintiffs have presented sufficient evidence to show that Cahill was a managing agent of defendants. See Transcript of Proceedings, held Dec. 19, 2013 (Docket # 56), at 25-26.

All this being said, we would not permit plaintiffs to conduct burdensome discovery as to these categories of information. But Cahill has not made a burdensomeness argument (other than his trade secret argument discussed below). And it appears that the only context in which this information is being sought is through deposition questions of Cahill. The Court has no difficulty concluding that it is appropriate to seek this information by such means. See, e.g., Banner Indus. of N.E., Inc. v. Wicks, 2013 WL 5722812, at *5 (N.D.N.Y. Oct. 21, 2013) ("Because oral depositions are typically regarded as a preferable means of discovery, the arc of relevancy for a deposition is much more expansive than other discovery devices.").

Whether the Material at Issue is Subject to Protection as Trade Secret Information

Cahill also argues that even if the Court finds the information relevant, it should be protected as trade secret information. See Def. Mem. at 4. Cahill asserts that making the names of his suppliers public might cause his customers to "circumvent him and go directly to his sources" and would "increase demand for [the suppliers'] products and raise prices." Id. at 5.

We are doubtful that these conjectures satisfy the exacting standard applicable here: that the party seeking protection demonstrate a "clearly defined and serious injury" that would result from disclosure.  Allen, 420 F. Supp. 2d at 302.

In any event, we need not reach this issue as this aspect of Cahill's argument assumes that the information at issue would be made publicly available.  In fact, the Court has previously ordered information of this kind to be produced for "attorneys' eyes only" and that the information be used only for purposes of this litigation – a level of protection to which plaintiffs do not object.  See Pl. Mem. at 10-11.  As to this point, Cahill asserts that he has "no defined assurances" that counsel would not use this information to pursue lawsuits against him.  Def Mem. at 6.  He asserts that lawsuits would "be damaging to him in both the sense that damage to his suppliers would affect his access to supplies and that his suppliers/customers are likely to reject future business opportunities if they sense Mr. Cahill revealed information about them during a lawsuit."  Id.

Cahill's submission falls far short of demonstrating a "clearly defined and serious injury" that would result from revealing the information to plaintiffs' attorneys under a protective order that would allow the information to be used solely in this lawsuit.  Such a demonstration is of course a necessary predicate to showing "good cause" under Rule 26(c).  Case law emphasizes that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Allen, 420 F. Supp. 2d at 302 (quoting Uniroyal Chemical Co Inc. v. Syngenta Crop Prot., 224 F.R.D. 53, 56 (D. Conn. 2004) (alteration in original)).  The arguments made by Cahill are nothing more than "generalized and unsupported claims of harm that might result from disclosure" to plaintiffs' attorneys, which are insufficient for the moving party to meet its burden of showing good cause for a protective order.  Id.  Protective orders that limit access to counsel and experts "are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information."  Vesta Corset Co., Inc. v. Carmen Foundations, Inc., 1999 WL 13257, at *3 (S.D.N.Y. Jan 13,1999) (Pauley, J.).  Accordingly, we will make the same ruling that was made previously with respect to similar information: that defendants may designate these materials for the time being as "attorneys' eyes only" and for use only in this litigation.  Plaintiffs will be under court order to so treat the information.  The Court need not now rule on the question of whether any portion of this material may be made part of the public record in this case at some later time should plaintiffs make an application to change the confidentiality designation.

Conclusion

Cahill's motion for a protective order (Docket # 95) is denied except to the extent that the Court will require that any disclosure of the information plaintiffs seek is to be made pursuant to the "attorneys' eyes only" designation previously ordered.

SO ORDERED.

Dated: March 26, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge