# THE MOONEY LAW FIRM LLC
*Legal Services for the International Enterprise*
www.customscourt.com



| | |
|---|---|
| 1911 Capital Circle N.E. | A National Practice Of |
| Tallahassee, FL 32308 | International Scope |
| Tel. (850) 893-0670 | |
| Toll Free (800) 583-0250 | Member, American Inns of Court |
| Miami (305) 290-5803 | With Affiliated Attorneys |
| Fax (850) 391-4228 | In All Major Ports |
| | |
| Neil B. Mooney | nmooney@customscourt.com |

March 4, 2015

The Honorable Gabriel W. Gorenstein     **VIA CMECF AND FAX**
United States Courthouse
500 Pearl Street
Mail Room
New York, NY 10007

      RE:    John Wiley & Sons, Inc., et. al. v. Book Dog Books, LLC and Philip Smyres
             Case No. 13-CV-0816

Dear Judge Gorenstein:

      We represent the Defendants in the subject action.

      On Friday, February 27, 2015, I attempted to conduct defendants' deposition of plaintiffs' expert witness Prof. George P. McCabe at the offices of Oppenheim and Zebrak in Washington DC. During the deposition I asked a number of questions regarding the origin of the content of the report. Specifically, I attempted to determine whether Prof. McCabe was the sole author of the report or whether he had assistance from any third party. The transcript is only available at this time in rough draft. We attach it in full, and extract the pertinent pages below. *See* Exhibit 1. As the Court can see, attorney Matthew P. Oppenheim improperly objected to some of my questions and instructed his client not to answer.

      We seek the Court's intervention in ensuring our ability to determine the origin of the opinions and statements, and related issues, contained within the expert report. As the transcript shows, attorney Oppenheim cited Federal Rule of Civil Procedure 26(a)(4)(B) for the proposition that questions regarding drafts of expert opinions could not be asked. Notwithstanding the fact that this is wholly incorrect, I attempted to ask similar questions about the <u>final</u> report, at which time Mr. Oppenheim instructed his client not to reply. This prevented me from pursuing some very significant lines of questioning on nearly half of the report that I went to Washington to address.

---

CUSTOMS • INTERNATIONAL TRADE • EXPORT CONTROLS • INTELLECTUAL PROPERTY
FEDERAL MARITIME COMMISSION • COMPLIANCE • ADMIRALTY  FDA
TRANSPORTATION LAW • COMMERCIAL LITIGATION • MERGERS & ACQUISITIONS

```
 2    Q   All right.  How many hours did you spend in
 3  preparation of this rebuttal report or your report?
 4    A   I believe I spent 18 hours, total, since
 5  that includes the initial time looking at professor
 6  Wu's report, attending the deposition, and preparing
 7  this report.
 8    Q   How much of that time was spent just on
 9  writing the report?
10    A   Maybe three or four or five hours.
11    Q   To -- to the best of your knowledge where
12  was the first draft of this report prepared, Indiana
13  or in --
14        MR. OPPENHEIM:  I'll let you finish your
15  question.
16  BY MR. MOONEY:
17    Q   Or -- or somewhere else?
18        MR. OPPENHEIM:  Objection.  I don't think
19  that's a proper question, actually.  I don't think
20  under the new rule 26 you're allowed to ask that.
21  BY MR. MOONEY:
22    Q   You may answer.
23        MR. OPPENHEIM:  No, no, no, rule 26 (4) (b)
24  specifically says that drafts of reports and
25  disclosures regarding them are protected.  And you're
                         34
 1  asking questions about draft reports so that's
 2  protected pursuant to the new rule 26, I don't believe
 3  it's a proper question so I think you should --
 4        MR. MOONEY:  Are you reading from --
 5        MR. OPPENHEIM:  I'm reading from rule 26
 6  right now.
 7  BY MR. MOONEY:
 8    Q   All right.
 9        MR. OPPENHEIM:  To the extent Mr. Mooney
10  you want to ask him how he went about preparing his
11  report I won't object to, that he can give ahh
12  generalized answer to that but asking specifically
13  about drafts of the report is what I think the rule
14  prohibits.
15  BY MR. MOONEY:
16    Q   Did anyone else write this report with you?
17    A   I wrote this report.
18    Q   I understand it has your name on it, I'm
19  wondering if anyone else provided you with the text in
```

```
 20  it?
 21         MR. OPPENHEIM:  You're asking -- objection.
 22         MR. MOONEY:  I'm not asking about drafts,
 23  I'm asking about this report, did anyone provide you
 24  with some of the text in this report.
 25         MR. OPPENHEIM:  Yeah, no, that's
                              35
  1  specifically what rule 26 seeks to -- to preclude
  2  asking.
  3         MR. MOONEY:  I think I'm entitled to know
  4  if he wrote all of the report or if someone else wrote
  5  parts of the report.
  6         MR. OPPENHEIM:  Well just ask him did he
  7  write all of the report, you did not ask him that, you
  8  can ask him that, did he write all the report.
  9  BY MR. MOONEY:
 10      Q   Did you write all of this report by write I
 11  mean did you originally compose all of this report?
 12         MR. OPPENHEIM:  To the extent that what
 13  you're asking.
 14         MR. MOONEY:  Please this is a speaking
 15  objection.
 16         MR. OPPENHEIM:  Okay well then I object and
 17  I instruct him not to answer.  There you go.
 18  BY MR. MOONEY:
 19      Q   I think that's something we'll have to take
 20  up with the Court and we will do so?
```

(McCabe Dep. 39:2-4, 40:5-25, 41:1-23; 42:24-25; 42:1-18; 43:19-50, Feb. 27, 2015.)

Federal Rule of Civil Procedure 26(a)(4)(B) protects draft reports and draft disclosures from being produced in discovery. It does not create any privilege, nor does it bar any type of question from being asked at deposition. Federal Rule of Civil Procedure 26(a)(4)(A) addresses depositions, and it does not limit the content or scope of any questions.

*(4) Trial Preparation: Experts.*

*(A) Deposition of an Expert Who May Testify.*
*A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.*

*(B) Trial-Preparation Protection for Draft Reports or Disclosures.*

> *Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.*

(Fed. R. Civ. P. 26(a)(4)(A)&(B))

Depositions are, of course, covered by Federal Rule of Civil Procedure 30. Federal Rule of Civil Procedure 30(c)(2) regarding objections states "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of the three exceptions applied to my questions. Mr. Oppenheim's interference with the conduct of the deposition was a violation of the Federal Rules of Civil Procedure.

> *(c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.*
>
> *(1) Examination and Cross-Examination. The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.*
>
> *(2) Objections. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*

(Fed. R. Civ. P. 30).

This <u>precise</u> situation was addressed in <u>Gerke v. Travelers Cas. Ins. Co. of Am.</u>, 289 F.R.D. 316 (D. Or. 2013). In that case, objections to questions on drafts and edits were overruled and a second deposition was ordered to be done.

> *"II. Counsel's Participation in Preparing Expert's Report*
> **[3]** During Painter's November 16, 2012, deposition, defense counsel asked Painter whether anyone other than Painter wrote any portion of his October 22, 2012, report. (Deposition of Robert Painter ("Painter Dep.") 46.) Plaintiff's counsel asserted the attorney work-product privilege and instructed **\*324** Painter to answer the question without disclosing "communications with counsel." (Painter Dep. 47.) Plaintiff's counsel then asked Painter: "Outside of that universe, did anyone help you write the report?" (Painter Dep. 47.) "No," was Painter's answer. (Painter Dep. 47.) Defendant's counsel

then asked Painter whether Plaintiff's counsel or any member of his firm wrote portions of Painter's report; Plaintiff's counsel again asserted the attorney work-product privilege and instructed Painter not to answer the question, (Painter Dep. 47–48.) Defendant's counsel responded that they were "entitled to know if [Plaintiff's counsel] or the members of [his] firm wrote any of the report." (Painter Dep. 48.)

Counsel subsequently contacted the court for assistance in resolving this and other disputes that arose during Painter's deposition. After hearing from all counsel on this issue, the court ruled as follows:

> THE COURT: All right. There is one other issue not covered by that order, and that is the question whether anyone else wrote any portion of Mr. Painter's report that has been produced to defense counsel. That is a proper question, and Mr. Painter has to answer it.
>
> It is not uncommon for retained experts to have assistants or junior engineers, for example, prepare portions of reports under the supervision of the consulting expert. That may or may not be the case here with Mr. Painter. And there may have been other individuals who prepared text, paragraphs, sections, portions of the report. Mr. Painter is required to answer that question and identify the people who may have drafted any portion of his report, and he has to identify the portions of the report that those other individuals drafted.
>
> MR. THENELL: Including anybody from the plaintiff's office, correct? Plaintiff's attorney's office?
>
> THE COURT: That's exactly right.
>
> MR. THENELL: Okay.
>
> MR. FOSTER: Well, Your Honor, I'd like to make a record on that point.
>
> THE COURT: Well, you can. But let me make a point first. Mr. Foster, if you or any lawyer in your office wrote portions of Mr. Painter's report, sent them to him, and told him to include that in his report, that is discoverable by the defendants. That is not work product.
>
> MR. FOSTER: Well, Your Honor, you are the judge. I would like to make a record that—
>
> THE COURT: Well, go ahead.
>
> MR. FOSTER:—under Rule 26(b)(4), drafts, as I read the rule, are strictly protected from exclusion—or from production.
>
> THE COURT: Drafts are, but if you wrote a paragraph or a section of his report, sent it to him, and told him to include it, that goes directly to Mr. Painter's credibility. It's one thing to talk to the expert about the topics to be covered and any gaps, holes, or lack of

> clarity in an expert's report. But if you write portions and he adopts them or incorporates them in their entirety or in substantial form, then that goes to Mr. Painter's credibility because, Mr. Foster, you are not the expert; Mr. Painter is. This is supposed to be his opinion, not the opinion of his lawyer or his client. And that goes at least to the credibility of the expert's testimony, and it may well go to the admissibility at trial or on motion of the expert's opinion. Because then you have a [*Daubert*] issue.
>
> So, I know what the rule says. I also know that lawyers are not supposed to write their experts' reports or any portion of them. And if that's happened here, then that goes to credibility and it goes to admissibility, and Mr. Painter has to answer those questions.
>
> (Painter Dep. 69–71.)[2]"

(<u>Gerke v. Travelers Cas. Ins. Co. of Am.</u>, at 324, 325.)

To remedy this violation of the Federal Rules of Civil Procedure, we are requesting the witness be made available to complete the deposition, be instructed to fully answer all questions regarding the authorship of the report, who contributed any opinions or conclusions to be included in the report, and appropriate follow-up. We request that this be done at the expense of plaintiffs either in Tallahassee, Fl. where both Mr. Oppenheim and Prof. McCabe have recently come, or via live video hookup to Tallahassee from a place of their choosing.

I wish to finish questioning Prof. McCabe and follow up on such items as the origin of certain sections of the report, the origin of data therein, and whether particular parts of the report were edited by or originated with third parties. This has strictly to do with understanding which persons originated the theories, ideas, and opinions in the report, even if Prof. McCabe chose to adopt those ideas.

               Sincerely,
               **THE MOONEY LAW FIRM, LLC**

               Neil B. Mooney, Esq.
               *For the Defendants*

NBM/kd

CC: M. Oppenheim, Esq.
  J. Chen. Esq.