| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOOK DOG BOOKS, LLC and PHILIP SMYRES, <br><br> Defendants. | Case No. 1:13-cv-00816 (WHP) (GWG) <br><br> Judge William H. Pauley III <br><br> Magistrate Judge Gabriel W. Gorenstein |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF THE DECLARATION OF NEIL B. MOONEY AND DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF FACTS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Cengage Learning, Inc. ("Cengage"), Pearson Education, Inc. ("Pearson"), and John Wiley & Sons, Inc. ("Wiley") submit this reply in support of their Motion to Strike Portions of the Declaration of Neil B. Mooney Submitted in Support of Defendants' Motion for Partial Summary Judgment and Defendants' Local Rule 56.1 Statement of Facts for Which Defendants Contend There Is No Genuine Issue To Be Tried ("Plaintiffs' Motion").

## I. PRELIMINARY STATEMENT

Defendants erroneously focus on the method of submitting documents to support a motion for summary judgment – that is, attaching them to a declaration – and point to the fact that Plaintiffs also submitted documents to support their own such motion by attaching them to a declaration. (Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike Portions of Mooney Declaration ("Defendants' Opposition") at 1-2 (ECF No. 237)). However, Plaintiffs'

Motion does not take issue with the accepted procedure that documents may be properly submitted by way of attaching them to declarations. Rather, Plaintiffs' Motion attacks the substantive fact that Mr. Mooney lacks the required personal knowledge sufficient to authenticate the documents he attaches to his declaration, and, as a result, those exhibits should be disregarded or stricken. (Pls.' Mot. at 2 (citing *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir. 1988))). Plaintiffs' Motion also affirms that the Mooney Declaration improperly contains legal argument and conclusions, and that those portions should be stricken. (Pls.' Mot. at 6-7 (citing *A.D. & M.D. v. Bd. of Educ. of the City Sch. Dist.,* 690 F. Supp. 2d 193, 217 (S.D.N.Y. 2010))). Tellingly, Defendants do not provide *any* legal citations to support their clearly incorrect claim that "[a]ll challenged information contained within Mr. Mooney's Declaration or attached to it are all types of materials that Rule 56(c) allows to be submitted in support of summary judgment." (Defs.' Opp. at 2).

## II. MOONEY DECLARATION

In paragraphs 4 and 16 of the Mooney Declaration, Mr. Mooney characterizes the Roadmap as a comprehensive, evidentiary document. (Pls.' Mot. at 4-5). As an initial matter, the Roadmap itself is not evidence, it references and organizes the underlying evidence. Second, Mooney's description of the Roadmap presumes that it contains the only evidence relevant to each of the titles in the case. That is not the case, as is readily apparent from Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment. Thus, Mr. Mooney's characterization of the Roadmap is inaccurate, and he is not in a position to provide a foundation of a document he did not create.

Paragraphs 11, 13, 14, 15,[1] and 18 of the Mooney Declaration suffer from authentication, personal knowledge, and hearsay issues. For instance, Mr. Mooney seeks to use his own testimony to authenticate documents received from MBS. (Mooney Decl. ¶ 13). However, Mr. Mooney is not the proper party to authenticate documents received from a third party. *See, e.g., Esposito v. Noyes (In re Lake Country Invs.),* 255 B.R. 588, 595 (Bankr. D. Idaho 2000). Defendants' Opposition talks about Mr. Mooney's personal knowledge that the documents and data were provided by a third party. (Defs.' Opp. at 4-5). However, Defendants cannot explain, nor could they ever explain, what MBS's data and documents are or whether they may be admitted as business records regularly kept in the course of MBS's business. Nor does Mr. Mooney possess any personal knowledge to interpret the MBS data.

## III. DEFENDANTS' RULE 56.1 STATEMENT

Plaintiffs' Motion is premised on the fact that averments in Defendants' 56.1 Statement are supported by the Mooney Declaration, which relies on unauthenticated documents. Accordingly, portions of Defendants' 56.1 Statement fail for the same reason that portions of the Mooney Declaration fail. Defendants' 56.1 Statement is a house of cards built without any foundation establishing the admissibility of, inter alia, the MBS data.

---

[1] Plaintiffs note that Defendants' Opposition attaches an Exhibit (ECF No. 237-1) in an apparent attempt to authenticate Exhibit 4 to the Mooney Declaration. Notwithstanding the fact that Defendants appear to have attached the wrong document, providing more third party documents does not resolve the fact that Mr. Mooney cannot testify about the contents of third party documents or data for which he lacks personal knowledge.

## IV. CONCLUSION

Accordingly, for all the reasons provided in Plaintiffs' Motion, this reply in support thereof, and the record herein, Plaintiffs respectfully request that the Court strike or disregard paragraphs 4, 9, 10, 11, 12, 13, 14, 15, 16 and 18 and Exhibits 3 and 4 of the Mooney Declaration, and paragraphs 7, 8, 9, 10, 12, 13,14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 31, 32, 33, 37, and 38 of Defendants' 56.1 Statement.[2]

Dated:  March 12, 2015                    Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

By:     /s/ *Matthew J. Oppenheim*
        Matthew J. Oppenheim
        Julie C. Chen
        OPPENHEIM + ZEBRAK, LLP
        5225 Wisconsin Avenue NW, Suite 503
        Washington, DC 20015
        (202) 480.2999 Telephone
        matt@oandzlaw.com
        julie@oandzlaw.com

        *Counsel for Plaintiffs*

---

[2] Plaintiffs note that Defendants have consented to striking paragraphs 9, 10, and 12 of the Mooney Declaration.  (Defs.' Opp. at 5).