UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
JOHN WILEY & SONS, INC. et al., :

                   :

           Plaintiffs, :       <u>ORDER</u>

                   :

     -v.-

                   :       13 Civ. 816 (WHP) (GWG)

                   :

BOOK DOG BOOKS, LLC et al.,

                   :

           Defendants. :
-------------------------------------------------------------x

USDC S..NY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/15

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of a letter from defendants dated March 4, 2015 (Docket # 230) raising a discovery dispute, and a responsive letter from plaintiffs dated March 6, 2015 (Docket # 235).

      There is much colloquy from the expert deposition quoted in defendants' letter. But in order to bring a dispute to the Court it must have been preserved on the record. Thus, all that matters is whether plaintiffs' counsel gave an instruction not to answer as to any non-objectionable question. Based on the colloquy quoted, the only question to which an instruction not to answer was given was the following: "Did you write all of this report by write I mean did you originally compose all of this report?" In the context of the questioning, and the references to Rule 26(a)(4)(B) in counsel's colloquy, the Court believes that the clear import of the question was to ask the expert about the involvement of plaintiffs' counsel in the drafting of the expert's report.[1] However, this line of inquiry runs afoul of the 2010 Amendments to Fed. R. Civ. P. 26(b)(4)(B) and (C). These provisions, as now written, strictly limit the topic areas on which a witness may be questioned, and the back and forth between an expert and counsel as to the drafting of an expert report, including testimony as to whether counsel engaged in any drafting, is privileged with the exception of the topics listed in Fed. R. Civ. P. 26(b)(4)(C)(I) through (iii). The case of <u>Gerke v. Travelers Cas. Ins. Co. of Am.</u>, 289 F.R.D. 316 (D. Or. 2013), relied on by defendants, is perhaps best explained by the fact that there was testimony suggesting that the expert's "final report contain[ed] facts, data, and assumptions provided by Plaintiff's counsel," <u>id</u>. at 328-29 — an exception specifically listed in Fed. R. Civ. P. 26(b)(4)(c)(ii) — and that

---

[1] To the extent this was not the intention of the question, defendants may pose the following interrogatory to the expert: "Did any person other than yourself or plaintiffs' attorney originally compose any section of the report?" If the question is answered in the affirmative, defendants may make a new application.

there were unexplained changes in the report, id. at 328. There is no such record here. To the extent Gerke may be read as holding otherwise, the Court would respectfully disagree with its result as inconsistent with the 2010 Amendments. See United States Commodity Futures Trading Comm'n v. Newell, 301 F.R.D. 348, 351-52 (N.D. Ill. 2014) (refusing to follow Gerke).

      SO ORDERED.

Dated: March 16, 2015
      New York, New York

                             GABRIEL W. GORENSTEIN
                             United States Magistrate Judge