UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOOK DOG BOOKS, LLC and PHILIP SMYRES, <br><br> Defendants. | Case No. 1:13-cv-00816 (WHP) (GWG) <br><br> Judge William H. Pauley III <br><br> Magistrate Judge Gabriel W. Gorenstein |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISQUALIFICATION OF NEIL B. MOONEY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

      A.    Recent Declaration ...............................................................................................3

      B.    Deposition Testimony ..........................................................................................5

      C.    TRO Hearing in Prior Related Litigation .............................................................7

ARGUMENT ...........................................................................................................................8

      A.    The Lawyer-Witness Rule. ..................................................................................8

      B.    Mr. Mooney Should Be Disqualified Under the Lawyer-Witness Rule ............10

CONCLUSION ......................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Anderson & Anderson LLP-Guangzhou v. N. Am. Foreign Trading Corp.*, 45 Misc.
3d 1210(A) (N.Y. Sup. Ct. 2014)..................................................................................9, 10, 11

*Dolenec v. Pressler & Pressler, L.L.P.*, No. 12-CV-5500 (KNF), 2014 U.S. Dist.
LEXIS 164143 (S.D.N.Y. Nov. 24, 2014).......................................................................8, 9, 11

*Hull v. Celanese Corp.,* 513 F.2d 568 (2d Cir. 1975)...........................................................8

*MacArthur v. Bank of N.Y.,* 524 F. Supp. 1205 (S.D.N.Y. 1981)..........................................9, 10

*Ramey v. Dist. 141, Int'l Ass'n. of Machinists & Aerospace Workers*, 378 F.3d 269
(2d Cir. 2004).................................................................................................................9, 10, 11

*United States v. Hammad,* 846 F.2d 854 (2d Cir. 1988)......................................................8

*United States v. Kwang Fu Peng*, 766 F.2d 82 (2d Cir. 1985) ............................................9, 10

*United States v. McKeon,* 738 F.2d 26 (2d Cir. 1984).........................................................11

**RULES**

22 N.Y. Comp. Codes, R. & Regs. §1200. ..........................................................................1, 8, 9

NY Lawyer's Code of Prof'l Responsibility, EC 5-10 (2007) ..............................................9

N.Y.R. of Prof'l Conduct 3.7............................................................................................. 1, 8, 9, 11

# PRELIMINARY STATEMENT

Plaintiffs Cengage Learning, Inc., Pearson Education, Inc., and John Wiley & Sons, Inc. ("Plaintiffs") submit this memorandum in support of their Motion to Disqualify Neil B. Mooney as counsel in this case. Mr. Mooney is counsel of record for Defendants Book Dog Books, LLC and Phillip Smyres ("Defendants"). However, he also has injected himself into the role of fact witness – even becoming the *sole* fact witness on certain issues that are both significant and contested. Pursuant to the "lawyer-witness rule" of the New York Rules of Professional Conduct ("NY Rules"), and in order to preserve the integrity of the judicial process, he should not be permitted to continue in these inconsistent capacities. *See* N.Y.R. of Prof'l Conduct 3.7(a), 22 N.Y. Comp. Codes, R. & Regs. §1200. Mr. Mooney's involvement as a witness has already prejudiced Plaintiffs, placing them in the position of having to respond to fact testimony that has not been vetted through the discovery process due to Mr. Mooney's status as counsel of record. At trial, the impropriety of the situation would be even more pronounced, where the jury would easily be confused by his dual role and may be inclined to place more weight on his testimony as an officer of the court. In short, Defendants are also represented by not one, but two, other law firms, and those firms should continue such representation without Mr. Mooney.

As discussed fully below, in the context of the deposition that Plaintiffs were permitted to take of Mr. Mooney, this Court has already had the occasion to comment on the issues raised by Mr. Mooney's involvement as both a witness and an advocate. While this dual role has been ongoing for some time, it recently came to head in connection with a declaration that Mr. Mooney filed with Defendants' opposition to Plaintiffs' motion for partial summary judgment. This declaration, Mr. Mooney's deposition testimony, and the other fact testimony that he has chosen to provide, contain material on which Defendants will likely offer testimony at trial

1

and/or Plaintiffs will need to cross-examine him.

Mr. Mooney filed his recent declaration despite having received fair warning of the problematic nature of his dual role. Specifically, Plaintiffs' counsel explained by letter that Mr. Mooney appeared to be moving from a background role to a trial counsel role, but given his additional role as a fact witness, he should voluntarily remove himself as counsel of record under the NY Rules and other relevant authority.[1] Mr. Mooney declined to do so, arguing, *inter alia*, that other witnesses could testify at trial to the same facts that he could.[2] However, this argument is wholly inconsistent with Mr. Mooney's conduct in the litigation, as he – *not* other witnesses – is the one who continues to offer testimony on significant and disputed fact issues. Further, pursuant to the Court's March 9, 2015 Order permitting the filing of this motion (ECF No. 238, at 1 n.1), Plaintiffs recently sought Mr. Mooney's agreement to a stipulation that he would not appear as trial counsel. *See* Declaration of Matthew Oppenheim in support hereof ("Oppenheim Declaration") ¶ 2. Again failing to recognize the existence and severity of the problem at hand, Mr. Mooney declined to enter into such an agreement. *See id*. As trial is now fast approaching, this is an issue that can no longer be left to Mr. Mooney's discretion. The Court should disqualify him from continuing to serve as counsel of record in this litigation.

## FACTUAL BACKGROUND

Mr. Mooney's testimony in this action has taken several forms, including a recent fact-based declaration that he filed and critical deposition testimony that he provided. Moreover, Mr. Mooney previously offered extensive testimony when he appeared as the sole witness for Defendants at a temporary restraining order ("TRO") hearing in the Southern District of Ohio

---

[1] *See* Ltr. from M. Oppenheim to N. Mooney, Oct. 10, 2014 (Ex. 1 to Oppenheim Decl.).
[2] *See* Ltr. from N. Mooney to from M. Oppenheim, Oct. 17, 2014 (Ex. 2 to Oppenheim Decl.).

("Ohio Action"). [3]

A. <u>Recent Declaration</u>

The last straw and impetus for this motion is Mr. Mooney's declaration (ECF No. 226-1) recently filed in opposition to Plaintiffs' motion for partial summary judgment. In that motion (ECF Nos. 200-04), Plaintiffs seek summary judgment on their claim that Defendants breached the New York forum selection clause of the parties' prior "2008 Settlement Agreement" by bringing suit against Plaintiffs in the Southern District of Ohio. This settlement agreement resolved litigation that a group of publishers including Plaintiffs brought against Defendant Smyres and several of his companies in 2007 for, *inter alia*, the importation and distribution of counterfeit textbooks (*Cengage Learning, Inc. et al. v. Textbooksrus.com LLC, et al.*, Case No. 07 Civ 8540 (S.D.N.Y.)). The 2008 Settlement Agreement is directly relevant to this action, including with respect to Plaintiffs' claims that Defendants breached the agreement's forum selection provision, as well as the injunctive relief provision, pursuant to which Defendants agreed to "cease all sales and importation into the United States of any pirated editions of the Publishers' textbooks." 2008 Settlement Agreement ¶ 5, ECF No. 109-1. Additionally, Defendants' actions taken in the wake of the 2008 Settlement Agreement demonstrate the willful nature of their repeated infringements, which bears upon Plaintiffs' damages.

Mr. Mooney's recent declaration portrays him as a key witness regarding the 2008 Settlement Agreement. First, he describes himself as "the lead attorney representing Mr. Smyres and defendants in the 2007 Action for purposes of negotiating a settlement of that action." Mooney Decl. ¶ 6, ECF 226-1. In that capacity, he "engaged in multiple

---

[3] *See Book Dog Books, LLC v. Cengage Learning, Inc. et al.,* Case Number: 1:13-cv-06413-WHP-GWG (S.D.N.Y.), originally filed as *Book Dog Books, LLC v. Cengage Learning, Inc. et al.*, 2:12-cv-01165-JLG-NMK (S.D. Ohio).

3

communications with plaintiffs' counsel and was the primary person to communicate defendants' demands and intentions for settlement." *Id*. Mr. Mooney further alleges that he was the person to whom Plaintiffs should have provided certain information under the "Notification of Pirated Edition Suppliers" provision of the agreement ("Notification Provision") – a contested provision in this case. *Id.* ¶¶ 12-13; *see* 2008 Settlement Agreement ¶ 11.

Second, Mr. Mooney's declaration testimony seeks to characterize the nature of the 2008 Settlement Agreement and provide information regarding the supposed meaning of its provisions. In an apparent effort to undermine Plaintiffs' claims in this case, Mr. Mooney describes the agreement in a manner that attempts to minimize Plaintiffs' counterfeiting claims, referring to them as "[o]ne small aspect of that case." Mooney Decl. ¶ 5. Further, he testifies that,"[f]or purposes of acknowledging that the settlement had primarily to do with resolving a dispute over the sale of international editions inside the United States, the parties agreed to language indicating that, out of the $150,000 settlement amount, only $7,000 of that amount was attributable to claims relating to book piracy." *Id.* ¶ 8. When Plaintiffs' counsel asked Defendant Smyres at his deposition if he knew why this language was in the agreement, he responded, "[n]ope." Smyres Dep. 175:15, Nov. 20, 2013 (Ex. 3 to Oppenheim Decl.). This is a clear example of Mr. Mooney not only injecting himself into the litigation as a fact witness, but doing so in a manner that makes him the sole defense witness on a disputed point.

Mr. Mooney's declaration also contains extensive testimony about the Notification Provision of the 2008 Settlement Agreement. For instance, he states that the Notification Provision was a "term defendants strongly insisted upon throughout settlement negotiations. Through me, defendants stated firmly to the Publishers that defendants would not agree to a settlement of the 2007 Action unless the Publishers would agree to provide notices of known

pirate edition suppliers." Mooney Decl. ¶ 9. This is significant because, *inter alia,* Defendants rely upon this provision and testimony in attempting to insert into this litigation eleventh-hour defenses of fraudulent inducement and alleged breach by Plaintiffs. *Id.* ¶¶ 9-16.

Finally, highlighting his witness status, Mr. Mooney speaks not as the attorney in his declaration, but as the Defendants themselves. He purports to represent what Defendants' intentions were in entering into the 2008 Settlement Agreement, what Defendants' knowledge was at the time of the agreement and thereafter, and what Defendants relied upon in entering into the Agreement.

B. Deposition Testimony

By Order dated May 7, 2014, the Court granted Plaintiffs' motion to compel Mr. Mooney's testimony by deposition. ECF No. 130. This deposition testimony centers on the provision of the 2008 Settlement Agreement in which Defendants agreed to disclose "the foreign and domestic sources . . . of any pirated editions previously obtained from any entity" ("Disclosure Provision"). 2008 Settlement Agreement ¶ 10. In connection with this provision, Defendants disclosed that a supplier named "Best Books World" "may be the source of most if not all the pirated books." Order at 2, May 7, 2014, ECF No. 130 (quoting Ex. 2 to Pls.' Mot. Compel ("Disclosure"), ECF No. 109-2). Defendants continued to do business with Best Books World, who is also a supplier of counterfeit textbooks in this case.

Plaintiffs filed their motion to compel after Defendant Smyres testified that another supplier, not Best Books World, was the main supplier at issue, and his counsel, Mr. Mooney, would be the one to explain why the disclosure identified Best Books World. *See id.* at 4, 8-9. Defendants contended that this testimony did not waive the attorney-client privilege, but the Court disagreed, ruling that if any privilege applied, it had been waived. *Id.* at 7-8. In so ruling,

the Court found that evidence regarding Defendants' and Mr. Mooney's communications about the Disclosure Provision is "*critically relevant to the case.*" *Id.* at 9 (emphasis added). This is because Defendants' disclosures speak to whether they knew, or should have known, that their conduct was infringing, and their "intent when [they were] allegedly infring[ing] plaintiffs' copyrights is 'the determining factor for assessing willfulness'" under the Copyright Act. *Id.* at 8-9 (quoting Pls.' Mem. Supp. Mot. Partial Summ. J. at 8, ECF 202).

In terms of content, Mr. Mooney's deposition testimony addresses such key issues as his role in the prior settlement (*see, e.g.,* Mooney Dep. 35:13-18 (Ex. 4 to Oppenheim Decl.) (testifying that he negotiated and drafted the 2008 Settlement Agreement); the alleged meaning and scope of the Disclosure Provision (*see, e.g., id.* at 54:13-55:9, 59:24-60:3 (testifying that he understood the Disclosure Provision to obligate Defendants "[t]o provide the sources of what we would today call 'counterfeit' books,'" but distinguishing throughout the deposition between "counterfeit" and "pirated" books, claiming that at the time the parties understood "counterfeit" books to include "grey goods")); and what he personally communicated to Plaintiffs regarding Defendants' disclosures (*see, e.g., id.* at 55:10-24, 64:12-65:4 (testifying that, "I conveyed to the publishers the information provided to me by the Smyres parties" and "the only supplier [of counterfeit books] at issue was Wirat Education of Thailand, to my recollection," i.e., not Best Books World)). On this last point in particular, the deposition testimony of Mr. Mooney and Mr. Smyres, as well the documents in the record, are at odds – a fact that Plaintiffs have emphasized in the litigation and will continue to emphasize at trial.

Further, in the context of this deposition, the parties and the Court observed first-hand the perils of Mr. Mooney's dual role. When a dispute arose over the proper scope of questioning in light of the Court's order granting Plaintiffs' motion to compel, Defendants' counsel Janice

Berkowitz, who was representing Mr. Mooney, contacted the Court for guidance. The Court began by commenting that "[w]e normally don't start questioning lawyers on the case. And I understand he's a former lawyer. But . . . it's a little unusual and does – it's not something the law favors very much. If he's a fact witness to something, I can certainly understand it." Mooney Dep. (Ex. 4 to Oppenheim Decl.) 40:22-25, 41:2-3. When Plaintiffs' counsel explained that Mr. Mooney "has described himself as the general counsel for the defendants in prior testimony before the federal court in Ohio" and testified as to "a variety of topics, including the 2008 settlement agreement," the Court stated that, "Well, that casts a somewhat different light on it." *Id.* at 41:10-19. The Court then commented further, "I noticed, by the way, Mr. Mooney is actually still an attorney of record on this case. It's a rather unusual situation, even if he has testified before." *Id.* at 51:10-13. As a result of this exchange and Defendants' counsel's actions taken in response to it, Plaintiffs were unable to question Mr. Mooney on fact issues other than the Disclosure Provision at the deposition, including those raised by Mr. Mooney's prior testimony. *See id.*

        C.     <u>TRO Hearing Testimony in Prior Related Litigation</u>

At a December 28, 2012 TRO hearing in the Ohio Action, Mr. Mooney appeared as Defendants' "General Counsel" and their *only* fact witness, with Mr. Smyres noticeably absent. There, Mr. Mooney testified about the 2008 Settlement Agreement, the Disclosure Provision, and a host of anti-piracy issues relevant to the current suit. *See, e.g.,* TRO Hr'g Tr. (Ex. 5 to Oppenheim Decl.) 53-56 (testifying about various provisions of the 2008 Settlement Agreement), 35-36 (discussing issues related to the distribution of counterfeit textbooks, including that they are an "enormous disruption in the industry"). Mr. Mooney further purported to provide fact testimony directly relevant to the issue in this case of whether, following the prior

litigation, Defendants continued to do business with known counterfeit suppliers. *Id.* at 73-74 (discussing the books in the current action and their relation to suppliers in the 2007-2008 dispute, and testifying that "none of them came from those suppliers"). Moreover, in response to the question, "When the plaintiffs identify a supplier that is providing it with counterfeit textbooks, do the plaintiffs stop doing business with that supplier?" (and the Court's specifically stated desire to "hear the answer to" that question), Mr. Mooney testified, "Absolutely, Your Honor." Again, this is key testimony on which Defendants – and Plaintiffs (in light of Defendants' actual conduct) – may rely at trial.

## ARGUMENT

A.  The Lawyer-Witness Rule

A court has the ability and discretion to disqualify an attorney based upon its general supervisory power over counsel appearing before it. *See United States v. Hammad,* 846 F.2d 854, 857-58 (2d Cir. 1988), *cert. denied,* 498 U.S. 871 (1990) (noting that the "federal courts enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar"). While disqualification should not be imposed lightly, "any doubt is to be resolved in favor of disqualification" in the Second Circuit. *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975) (citation omitted).

The NY Rules serve as guidance for this motion. *See Dolenec v. Pressler & Pressler, L.L.P.*, No. 12-CV-5500 (KNF), 2014 U.S. Dist. LEXIS 164143, at *8 (S.D.N.Y. Nov. 24, 2014). The operative rule, NY Rule 3.7(a) ("Lawyer As Witness"), provides that, with several exceptions, "[a] lawyer *shall not* act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." 22 N.Y. Comp. Codes, R. & Regs. §1200

(emphasis added). Based upon its plain language, this rule applies to Mr. Mooney's present situation.

Further, the exceptions mentioned in NY Rule 3.7(a) do not apply. As shown above, Plaintiffs are focused on substantive fact testimony related to significant (and contested) issues in the case. In contrast, the exceptions of NY Rule 3.7(a) concern testimony "solely" related to "uncontested issue[s]," "matter[s] of formality," or "the nature and value of legal services rendered." *See id.* Moreover, while an exception may be made where the disqualification of counsel would "work substantial hardship on" the client, Defendants are represented by two other law firms who have been deeply involved in this action. *See id.*; *Dolenec,* 2014 U.S. Dist. LEXIS 164143, at *15 (no substantial hardship found even when defendant did not have other counsel). Indeed, "the hardship exception should apply only 'in the exceptional situation where it will be manifestly unfair to the client[.]'" *Anderson & Anderson LLP-Guangzhou v. N. Am. Foreign Trading Corp.*, 45 Misc. 3d 1210(A) (N.Y. Sup. Ct. 2014) (quoting NY Lawyer's Code of Prof'l Responsibility, EC 5-10 (2007)). Clearly, that is not the situation here.

"Strong policies underlie" the lawyer-witness rule, as "[c]alling a party's attorney as a witness undermines the integrity of the judicial process." *MacArthur v. Bank of N.Y.,* 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981) (disqualifying attorney when it became apparent he possessed critical knowledge about the transaction in question and ought to testify on his client's behalf). Among other problems, the "jury may view an attorney as possessing special knowledge of a case and therefore accord a testifying attorney's arguments undue weight." *Id.* Similarly, "when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined." *Ramey v. Dist. 141, Int'l Ass'n. of Machinists & Aerospace Workers*, 378 F.3d 269, 282-83 (2d Cir. 2004); *see also*

*United States v. Kwang Fu Peng*, 766 F.2d 82, 87 (2d Cir. 1985) (affirming disqualification in criminal case where defense counsel had information about a disputed transaction and the district court judge's "fear that the jury would be unacceptably affected by [the attorney's] double role as counsel and unsworn witness [was] quite understandable"). The adverse party's attorney may also "be handicapped in challenging the testimony of another lawyer," since "vigorously cross examin[ing]" a fellow member of the bar presents obvious difficulties. *Ramey,* 378 F.3d at 282; *MacArthur*, 524 F. Supp. at 1208. In each of these scenarios, the rule serves to protect the adverse party (i.e., Plaintiffs in this case).

B.  Mr. Mooney Should Be Disqualified Under the Lawyer-Witness Rule

Applying the above principles, there is no question that disqualification of Mr. Mooney is the only way to preserve the integrity of the judicial process in this case. Mr. Mooney has taken it upon himself to become a fact witness regarding the 2008 Settlement Agreement and other relevant matters. This has not been an isolated incident, but rather repeated conduct aimed at inserting skewed testimony into the record that Plaintiffs are then "handicapped" at challenging. This conduct most recently took the form of Mr. Mooney's declaration filed in support of Defendants' opposition to Plaintiffs' motion for partial summary judgment. Instead of relying on Defendant Smyres or other corporate representatives to make the points contained in the declaration, Defendants opted to make Mr. Mooney's allegations the factual underpinning of their opposition, and did so despite clear notices of caution communicated by Plaintiffs (and, by implication, the Court).

In similar cases where a contract is at issue in litigation and the attorney handling the case also negotiated or authored the contract, courts have ruled in favor of disqualification. For example, in *Anderson & Anderson*, a breach of contract action, the Supreme Court of New York

granted the defendant's motion to disqualify the plaintiff's counsel where he, or someone at his direction, negotiated, drafted and translated the contract. *Anderson & Anderson LLP-Guangzhou,* 2014 N.Y. Misc. LEXIS 4611, at *11. The court rejected the plaintiff's contention that other signatories to the contract could testify given the level of the lawyer's involvement. Moreover, as in this case, the attorney "ha[d] already testified by submitting an affidavit in support of Plaintiffs' motion for summary judgment." *Id; see also Dolenec*, 2014 U.S. Dist. Lexis 164143, at *8 (granting plaintiff's disqualification motion when plaintiff intended to call defense counsel as a witness after defense counsel submitted a declaration containing facts about underlying transactions in support of his client's summary judgment motion).

Defendants cannot avoid disqualification by arguing that they can use witnesses other than Mr. Mooney at trial. First, that would not be the standard, as it is sufficient that counsel has testified regarding matters of significance throughout the litigation up until the point of trial and that his testimony at trial is considered "necessary" in light of the "significance of the matters" at issue, "weight of the testimony," and "availability of other evidence." *See Anderson & Anderson LLP-Guangzhou,* 2014 N.Y. Misc. LEXIS 4611, at *8. Necessity does not equate to finding that the attorney will, beyond a doubt, testify at trial; the issue is whether such testimony is "likely," or "ought" to be offered. *See Ramey,* 378 F.3d at 282*; see also United States v. McKeon,* 738 F.2d 26, 34-35 (2d Cir. 1984) (counsel properly disqualified under Rule 5-102(A) if witness might testify regarding material conversation with counsel); NY Rule 3.7(a) (using the term "likely"). More importantly, the "necessity" component focuses on the significance and nature of the anticipated testimony to the case, which, in this case, has already been established by testimony that Mr. Mooney had deliberately, and repeatedly, put into the record.

Second, any argument by Defendants that they can simply use other witnesses would

ignore the fact that portions of Mr. Mooney's testimony show weaknesses and inconsistencies in Defendants' defenses. Thus, *Plaintiffs* have, or certainly may have, a need to cross-examine him. Doing so, and preparing to do so, while Mr. Mooney remains counsel of record would create exactly the sort of precarious situation that the attorney-witness rule is intended to avoid.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion should be granted, and Mr. Mooney should be disqualified as counsel of record in this litigation.

Dated: March 20, 2015

Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

By: /s/ *Matthew J. Oppenheim*
Matthew J. Oppenheim
Julie C. Chen
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480.2999 Telephone
matt@oandzlaw.com
julie@oandzlaw.com

*Counsel for Plaintiffs*