IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

JOHN WILEY & SONS, INC., et al.,

          Plaintiffs,                     Case No. 1:13-CV-00816-WHP-GWG

             v.                        Judge William H. Pauley, III

BOOK DOG BOOKS, LLC, et al.,          Magistrate Judge Gabriel W. Gorenstein

          Defendants.

DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO
PLAINTIFFS' MOTION FOR DISQUALIFICATION OF NEIL B. MOONEY
(Docket #246)


TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................... 2

II.    RELEVANT BACKGROUND & FACTS ......................................................... 3

III.   ARGUMENT ............................................................................................... 6

   A.     Second Circuit Law and N.Y.R. Rule of Professional Conduct 3.7(a) Do Not Support Disqualification Under These Circumstances. .......................................... 6

      1.   Mooney is Not Likely to Be a Witness. ........................................................ 9

      2.   Mooney's Testimony Is Not Necessary & Would Be Cumulative at Best. ... 11

      3.   Breach of Contract Claim Does Not Relate to the Contract Disclosures. .... 14

      4.   Mooney's TRO Hearing Testimony in Ohio is Irrelevant to this Action. ..... 15

   B.     The Court's Previous Ruling on the Attorney-Client Privilege Issue is Irrelevant to Evaluating Whether to Exclude Mooney as Trial Counsel. .............. 16

   C.     Disqualification of Mooney Will Cause Defendants Substantial Hardship. 17

IV.   CONCLUSION ............................................................................................... 19

1

## I.    INTRODUCTION

Plaintiffs' motion to disqualify Attorney Mooney as defense trial counsel is frivolous. The underlying premise is that Plaintiffs seek to protect themselves from prejudice they will supposedly experience when, come trial, Attorney Mooney serves the "dual role" of being both a witness and a trial advocate for the defense.

However, Plaintiffs well know that Attorney Mooney will not be a trial witness in this action.

Defendants have never suggested they intend to call Mooney as a trial witness. Mooney is not listed in Defendants' witness disclosures. Defendants have never even casually suggested they will seek to call him as a witness.

Likewise, Plaintiffs have not listed Attorney Mooney as a potential witness for themselves. In their motion, Plaintiffs make no claim they now intend to solicit permission to call him as a witness.

Because there exists no likelihood of Attorney Mooney being a witness, there is no cause for disqualification and there is no prejudice to Plaintiffs. There exists no threat of a "dual role." And even if Plaintiffs were to now suggest they want to call Mooney as a witness in their own case-in-chief, Mooney is not a "necessary" witness because there are many others who could give testimony on the same topics. Defendants ask the Court to deny this motion and issue sanctions in the form of attorney fees and costs Defendants have incurred in responding to this motion.

II.    RELEVANT BACKGROUND & FACTS

In 2007, Plaintiffs and other publishers (the "Publishers") sued Defendant Smyres and some companies he owned (the "Smyres Parties") in this Court for copyright and trademark infringement. Attorney Mooney was the trial attorney for the Smyres Parties in the 2007 litigation and the conduit of communications with the Publishers' counsel leading to the 2008 Settlement Agreement. (Docket #204-1.) Each Publisher had the benefit of its own in-house counsel and, collectively, they were represented by trial counsel, the New York law firm of Cozen O'Connor.[1]

Attorney Mooney engaged in multiple communications with the Publishers' counsel and was the primary person to relay the Smyres Parties' demands and intent for settlement. Both Attorney Mooney and Attorney Aaron Georghiades (with Cozen O'Connor) equally participated in negotiating the 2008 Settlement Agreement.

Because of his involvement with the 2008 Settlement Agreement, Plaintiffs have pursued certain lines of discovery seeking information directly from Attorney Mooney. A dispute arose over whether Defendants' attorney-client privilege with Mooney had been waived on certain topics. The Court ruled in favor of Plaintiffs on that issue, which resulted in Plaintiffs being allowed to conduct Mooney's deposition and ask him questions about conversations with Mr. Smyres regarding disclosures made under the 2008 Settlement Agreement. Plaintiffs' deposition of Attorney Mooney was completed on May 30, 2014.

---

[1] *See* docket for *Cengage Learning Inc. et al. v. Buckeye Books et al.*, No. 1:07-cv-08540-CM (SDNY terminated 2/7/2011).

The 2008 Settlement Agreement contains a forum selection clause under which Plaintiffs are asserting a breach of contract claim, which is the subject of Plaintiffs' motion for partial summary judgment. (Docket #200.)

In connection with Plaintiffs' breach of contract claim, Plaintiffs suggest that Attorney Mooney should be disqualified as trial counsel because, according to them, he has sought to insert himself as the "sole" fact witness regarding certain issues pertaining to the 2008 Settlement Agreement, by giving deposition testimony, by testifying at a TRO hearing in a different case on unrelated issues, and by submitting a declaration in opposition to Plaintiffs' motion for partial summary judgment.

In fact, Attorney Mooney has never sought to insert himself as a witness and Defendants do not seek that either.

First, Attorney Mooney was *ordered* to submit to a deposition. Defendants have not included him on their witness disclosure list and never took action to voluntarily make him a witness or available for deposition. It was Plaintiffs who asserted that certain conversations between Attorney Mooney and Mr. Smyres were supposedly relevant and that the attorney-client privilege on certain contract topics had been waived. Based on that, Plaintiffs pursued a court order seeking to force Attorney Mooney's deposition, and the Court allowed it (under protest from Defendants). (*See* Docket #130 at 9–10.) Neither Attorney Mooney nor Defendants sought to insert Mooney as a witness in this case.

Second, the TRO hearing at which Attorney Mooney testified occurred in different litigation, in the Southern District of Ohio, and related to different claims and issues, none of which are at issue in this action. Although Mooney gave testimony in the Ohio matter, the issues addressed at that hearing have nothing to do with the claims in this case.

Third, Mooney did supply a declaration to support Defendants' memorandum in opposition to Plaintiffs' motion for partial summary judgment. As the docket reflects, it is commonplace for counsel of record to submit declarations to support motions and opposition papers, for purposes of properly putting background information and documents into the record. Plaintiffs' counsel themselves have submitted several supporting declarations for various motions. However, just because Mooney has knowledge sufficient to provide a declaration does not mean Attorney Mooney is the sole or exclusive witness (or has ever been suggested to be that) who could testify on events relating to the 2008 Settlement Agreement.

As defense counsel for the 2007 litigation, Mooney served as a conduit between the Smyres Parties and the Publishers. His declaration in part provides background and clarification information to relay the sequence of events leading to that settlement. This is background information Defendants offered to help the Court understand certain background context of the summary judgment issues. It was not intended to necessarily serve as dispositive evidence.

Many other people could be called upon to testify on those same topics, including the decision maker on behalf of the Smyres Parties for that settlement

(Phil Smyres) and the corporate decision makers for each of the Publishers. Plaintiffs could also call upon their own prior trial counsel, Attorney Georghiades, if they deem it necessary to do so. Attorney Mooney is certainly not the *sole* witness to these events.

Defendants have never suggested they intend to call Mooney as a witness at trial, which is the underlying premise of Plaintiffs' motion.[2] He is merely one person with sufficient knowledge to provide a declaration to state background information helpful to addressing Plaintiffs' motion.

III. <u>ARGUMENT</u>

    A. <u>Second Circuit Law and N.Y.R. Rule of Professional Conduct 3.7(a) Do Not Support Disqualification Under These Circumstances.</u>

The law of the Second Circuit instructs that the Court should be skeptical, cautious, and hesitant to grant any motion to disqualify a party's chosen counsel.

The Court's ability to disqualify an attorney derives from the court's "inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). But in exercising this power, the Court should "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *Id.* A motion to disqualify counsel is addressed to the sound discretion of the district court. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72–73 (2d Cir. 1990).

---

[2] Plaintiffs ignore that Mooney has not been listed on Defendants' Rule 26 disclosures. Defendants have no intent to call him as a witness. Plaintiffs mention they would have the right to cross-examine Mooney; but that is a misplaced argument given that Defendants don't plan to call him as a witness. Defendants suspect the Court would not allow them to do so even if desired, given that he was not named in the witness disclosures.

The Second Circuit disfavors such motions because they are often used for purely tactical reasons. *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989); *Kubin v. Miller*, 801 F. Supp. 1101, 1112 (SDNY 1992). The party seeking disqualification, therefore, bears a heavy burden before an attorney will be removed from a case. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 794 (2d Cir. 1983).

Disqualification is only appropriate "where there has been a clear violation of the Code of Professional Responsibility leading to a 'significant risk of trial taint.'" *Glueck v. Jonathan Logan Inc.*, 653 F.2d 746, 748 (2d Cir. 1981).

Courts recognize the importance of a litigant being represented by counsel of its choosing. *Tisby v. Buffalo Gen. Hosp.*, 157 F.R.D. 157, 163 (WDNY 1994). Because disqualification motions interfere with a party's right to the counsel of its choice and are often made for tactical reasons, they are viewed with disfavor. The delay and expense caused by the disqualification of an attorney are factors of considerable significance in deciding such a motion. *Clark v. Bank of N.Y.*, 801 F. Supp. 1182, 1196–97 (SDNY 1992).

Rule 3.7(a) of the New York Rules of Professional Conduct provides guidance in situations for potential disqualification of a lawyer expected to testify on significant facts in dispute. *Signature Apparel Group LLC v. Laurita*, 2013 Bankr. LEXIS 3748, at *18 (SDNY Sept. 10, 2013). That Rule provides:

A lawyer shall not act as advocate before a tribunal in a matter *in which the lawyer is likely to be a witness* on a significant issue of fact unless:

> (1) the testimony relates solely to an uncontested issue;
>
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
>
> (3) disqualification of the lawyer would work substantial hardship on the client;
>
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>
> (5) the testimony is authorized by the tribunal.

N.Y.R. Prof'l Conduct 3.7(a) (emphasis added).

To warrant disqualification under Rule 3.7(a), it is not enough that the lawyer-witness is a member of the trial team. "[D]isqualification . . . is warranted only where the lawyer-witness will actually advocate before the jury." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009), *see also Ramey,* 378 F.3d at 282 ("The advocate-witness rule applies, first and foremost, where the attorney representing the client before a jury seeks to serve as a fact witness *in that very proceeding.*")

A party seeking disqualification on basis of Rule 3.7(a) "must demonstrate that the testimony of the attorney subject to disqualification is both necessary and substantially likely to be prejudicial." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 280–81 (SDNY 1996).

A court's inquiry into a finding of necessity does not focus on "whether the attorney possesses discoverable knowledge, but rather whether trial of the case will

in fact *require* his testimony." *Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp., LLC*, 896 F. Supp. 2d 330, 332 (SDNY 2012) (citing *Transcon. Constr. Servs., Ltd. v. McDonough, Marcus, Cohn & Tretter, P.C.*, 627 N.Y.S.2d 636 (1st Dep't 1995) (denying motion to disqualify where "[d]efendant did not meet its burden of demonstrating either that the attorney was a necessary witness for plaintiff, or that defendant would call the attorney and that the attorney would testify adversely to plaintiff's interests")) (emphasis added).

"Prejudice in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009).

The more speculative the potential prejudice, the less likely a court will be to grant a motion to disqualify. *Id.* at 398 (holding that "[t]he conjuring of 'perhaps possible' scenarios is inadequate grounds for a demonstration of the need to call an attorney to testify").

Last, even if the testimony of the attorney subject to disqualification is necessary and substantially prejudicial, disqualification still is not warranted if disqualification of the lawyer would work substantial hardship on the client. N.Y.R. Prof'l Conduct 3.7(a).

1. *Mooney is Not Likely to Be a Witness.*

NY Rule 3.7(a) permits disqualification only if the lawyer "is likely to be a witness" at trial. The primary reason Attorney Mooney should *not* be disqualified is

because he is not likely to be a trial witness. At present, it appears certain he will *not* be a trial witness.

No party has named Attorney Mooney in their Rule 26 disclosures or designated him as a trial witness.[3] Defendants do not intend to call him as a witness. There is no possibility of a "dual role" for Mooney at the trial.

Mooney submitted to a deposition in this case only because Plaintiffs demanded it and the Court ordered him to do so. (Docket #130, 131.) But that does not mean Mooney will be a trial witness.

Also, Mooney did testify at a 2012 hearing in a different case, in a different court, involving different issues between these parties. Again, that does not mean he will testify at *this* trial.

Mooney did provide a declaration to support a motion in this case. But each of Attorneys Oppenheim, Chen, and Miller has likewise provided declarations in support of several motions in this case. No one is suggesting that any of them be removed as trial counsel merely on the basis of providing a supporting declaration.

Because Attorney Mooney will not be a trial witness, Plaintiffs' argument they will be "prejudiced" if he is allowed to serve a "dual role" at trial is moot. There is no risk of that.

For this reason alone, Plaintiffs' motion fails to meet the "heavy burden of proof" in showing that Mooney's testimony is either likely or prejudicial. *See Gormin v. Hubregsen*, 2009 WL 508269, at *2 (SDNY Feb. 27, 2009).

---

[3] Based on the Court's 11/12/2014 order addressing an issue regarding timely disclosure of witnesses (Docket #174), it is Defendants' understanding the Court is unlikely to allow either party to call a trial witness that is not listed in the parties' Rule 26 disclosures.

2. *Mooney's Testimony Is Not Necessary & Would Be Cumulative at Best.*

Even if there were any risk that Attorney Mooney might be a trial witness (which there is not), under the New York advocate-witness rule, disqualification is required only when it is likely the testimony to be given by the attorney is *necessary*. *Purgess v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994); *Capponi v. Murphy,* No. 08 Civ. 4449(VM), 2009 WL 2957804, at *10 (SDNY Sept. 11, 2009) ("Courts have interpreted [the witness-advocate rule] to require disqualification where the attorney's testimony is necessary.").

Testimony could be deemed relevant and highly useful but still not be strictly "necessary." A finding of necessity considers such factors as the significance of the matters, weight of the testimony, and availability of other evidence. *S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.*, 515 N.Y.S.2d 735, 739 (1987); *Kubin v. Miller,* 801 F. Supp. 1101, 1113 (SDNY 1992).

Among these factors, the availability of other evidence is determinative. *Solow v. Conseco, Inc.*, 2007 U.S. Dist. LEXIS 40479, at *12 (SDNY June 4, 2007) ("The rule requires that a 'lawyer's testimony be necessary, not simply that it be the best evidence,' and to that end 'courts deem a lawyer's testimony necessary only if there are no other witnesses to the circumstances at issue."); *Finkel v. Frattarelli Bros.,* Inc., 740 F. Supp. 2d 368, 375 (SDNY 2010) (where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate); *Paretti v. Cavalier Label Co., Inc.*, 722 F. Supp. 985, 986 (SDNY 1989) ("a lawyer who could provide only cumulative testimony may act as trial counsel.").

A lawyer's testimony is not "necessary" unless his testimony is the *only* evidence available on a topic. *Solow* at *12. ("[C]ourts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue."); *The Cadle Co. v. Demadeo*, 256 F. Supp. 2d 155 (EDNY 2003) (attorney's testimony essential because it is "highly relevant and *solely* within [his] possession.") (citing *U.S. v. Tate & Lyle North American Sugars, Inc.*, 184 F. Supp 2d 344, 346 (SDNY 2002)); *Capponi v. Murphy*, 772 F. Supp. 2d 457, 472 (SDNY 2009) (attorney's testimony unnecessary because "the information Plaintiff intends to solicit from McMillan may be readily available from other sources."); *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 375 (EDNY 2010) (motion to disqualify attorney denied because defendants failed to establish that plaintiffs' counsel would be the only available witnesses on this topic.).

When the attorney's testimony is merely cumulative, the court can order the parties to "avoid eliciting testimony" covering an attorney's mainly peripheral involvement in a negotiation or transaction where it is not relevant or necessary. *Paretti* at 988.

Here, Plaintiffs speculate Attorney Mooney might testify about the negotiation of the 2008 Settlement Agreement and disclosures made under that contract. He is not the only available witness who could speak on those topics. The parties' representatives themselves could testify on those topics. Plaintiffs' prior trial counsel (Georghiades) was also involved in those events—he is not trial counsel in this case and he could testify on that topic. Defendant Phil Smyres made

decisions on behalf of the Smyres Parties for that contract, so he is also a viable witness on those topics. Plaintiffs' in-house corporate attorneys and representatives were also involved, so they are likewise viable witnesses on the same topic. Attorney Mooney is just one of many people who could presumptively testify about the negotiation of that contract, disclosures, and the related events.

Absent evidence that an attorney has *unique* knowledge of facts that would be presented at trial, the attorney should not be disqualified. *Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp., LLC*, 896 F. Supp. 2d 330, 332 (SDNY 2012) (denying disqualification motion where the attorney subject to the disqualification motion was just one of many persons with personal knowledge of material facts in that case); *see also Ello v. Singh*, 2006 WL 2270871, at *6 (SDNY Aug. 6, 2006) (denying disqualification motion where moving party "utterly failed to demonstrate with sufficient specificity what non-cumulative testimony from [the attorneys in question] is necessary").

In their motion, Plaintiffs mistakenly rely on the holdings of the *Anderson* and *Dolenec* cases.[4]  In *Anderson*, the Supreme Court of New York disqualified plaintiffs' counsel who negotiated, drafted and translated the contract that was the subject of the litigation. However, that court's reason to disqualify the attorney was because he was the *only* person involved in drafting and negotiating the contract with the opposing party and his principal point of contact with the opposing side could not serve as an alternative source of evidence (because he had died). *Id.* at

---

[4] *Anderson & Anderson, LLP v. North Am. Foreign Trading Corp.*, 2014 N.Y. Misc. LEXIS 4611 (N.Y. Sup. Ct. Oct. 20, 2014); *Dolenec v. Pressler & Pressler LLP*, 2014 U.S. Dist. LEXIS 164143 (SDNY Nov. 24, 2014).

*11–12. That was a situation where the attorney was the *only* potential witness on the subject.

*Dolenec* is also distinguishable. There, the plaintiff seeking to disqualify the defense attorney had identified the attorney, early on, as a potential fact witness the plaintiff would call at trial. *Dolenec* at *10. Here, no party has ever identified Mooney as a potential trial witness. In *Dolenec*, the court found it was "certain" the attorney would be a witness. *Id.* at *13. Another difference in *Dolenec* was the court found that, because the defendant had not produced documents on the topic to which the attorney would testify, the attorney's testimony was the only evidentiary source to explore the particular topic. *Id.* at *14.

3. <u>Breach of Contract Claim Does Not Relate to the Contract Disclosures.</u>

Plaintiffs' argument is otherwise based on the notion that Attorney Mooney's deposition testimony is "at odds" with Mr. Smyres' deposition testimony regarding certain disclosures the Smyres' Parties made to the Publishers under the 2008 Settlement Agreement. (Memo of Law at 6.) Interestingly, Plaintiffs make this assertion but cite nothing to support it. (*Id.*)[5]

Plaintiffs have not stated any claim based on any allegation relating to an improper disclosure under the contract. Plaintiffs' breach of contract claim relates strictly to a notion that Defendants somehow breached the 2008 Settlement

---

[5] At page 5 of their memo of law, Plaintiffs assert certain things about Mr. Smyres' supposed testimony but only cite to pages of this Court's order in which it addressed the issue of possible waiver of attorney-client privilege. Plaintiffs do not reference specific deposition testimony as between Mr. Smyres and Attorney Mooney that is directly "at odds." The Court resolved the privilege waiver issue in May 2014. But that issue is not relevent to whether one of Defendants' key attorneys should be disqualified.

Agreement by pursuing injunctive relief in Ohio, rather than in New York, on disputes not related to the 2008 Settlement Agreement. The breach of contract claim involves a question of whether Defendants' filings in Ohio breached the forum selection clause of the contract. Plaintiffs allege no breach of the disclosure obligation.

4. *Mooney's TRO Hearing Testimony in Ohio is Irrelevant to this Action.*

Testimony given by Attorney Mooney at a TRO hearing in the Ohio case, in 2012, is irrelevant to this case and to this motion. The issues raised at the TRO hearing are not involved in this case. At that hearing, Book Dog Books was attempting to enforce promises made by the Publishers to sell certain books to Book Dog Books in time for the upcoming winter semester rush. The purpose of the TRO motion was to enforce those promises and get the supply lines re-opened.

There is no issue, claim, or defense involved in this action—none—relating to the claims addressed at that TRO hearing. Indeed, after that TRO hearing, that case was transferred to the Southern District of New York but was kept distinct from this action.[6] Therefore, it is incomprehensible to suggest that Mooney's witness role in that different legal arena on different topics raises any specter of a problem in this current action.[7]

---

[6] *Book Dog Books, LLC v. Cengage Learning, Inc., et al.*, No. 1:13-cv-00816-WHP-GWG (closed).

[7] *Id.*, Docket #2 (Motion for TRO) and Docket #15 (Order on Motion for TRO in Ohio).

B.  The Court's Previous Ruling on the Attorney-Client Privilege Issue is Irrelevant to Evaluating Whether to Exclude Mooney as Trial Counsel.

Commencing at page 5 of their memo, Plaintiffs spend significant effort reminding the Court of facts leading up to the Court ordering Attorney Mooney to submit to a deposition.

This point is irrelevant to whether the Court should now disqualify Mooney from serving as trial counsel. The dispute over attorney-client privilege had to do with whether Mr. Smyres had, by making certain comments at his deposition, waived his attorney-client privilege on certain topics. The Court ruled that, as to certain subjects, the attorney-client privilege had been waived. The Court also ruled that Plaintiffs could take Attorney Mooney's deposition and that Mooney would be required to answer questions on those topics for which the privilege had been waived. (Docket #130.)

It is baffling why this topic is being brought up for a motion to disqualify trial counsel. The history of arguments leading up to the Court's decision at Docket #130 shows only that Defendants argued that no privilege had been waived. Defendants also fought the proposition of allowing Mooney's deposition. The Court disagreed and Mooney's deposition was taken. A waiver of attorney-client privilege does not equivocate to a basis to exclude an attorney as trial counsel, and Plaintiffs supply no authority for that proposition. Again, Defendants have never sought to make Mooney into a fact witness in this case and they don't plan to call him as a witness at trial.

Thus, the privilege waiver and Mooney's deposition have no relevance to whether the Court should now take the drastic step of denying Defendants the use of their chosen counsel at trial.

C.     Disqualification of Mooney Will Cause Defendants Substantial Hardship.

Even if the attorney-witness' testimony is found necessary, he can still continue representing his client if "disqualification would work a substantial hardship on the client." *Keoseian v. von Kaulbach*, 707 F. Supp. 150, 155 (SDNY 1989).

Under New York Rule 3.7(a)(3), disqualification of a lawyer is not permitted if "disqualification of the lawyer would work substantial hardship on the client."

Substantial hardship has been found in highly technical cases, where "an attorney might have acquired unique expertise with respect to the matters in dispute, and no substitute counsel could supply the client with comparably adequate representation; in such a case, the serious prejudice to the client, when weighed against the significance of the testimony, might justify invocation of the exception" and "a long-standing professional relationship could conceivably create a situation where an attorney has an extraordinary and irreplaceable familiarity with the affairs of his client." *MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1211 (1981); *see also Losquadro v. Carltun on the Park*, 24 Misc. 3d 1235(A), at *7 (Sup.Ct. Nassau County July 30, 2009) (a court may consider denial of the motion to disqualify on the grounds of substantial hardship where the counsel possesses

unique abilities, skills, or knowledge, losing which would imperil a plaintiff's chances of ultimate success).

Plaintiffs suggest it would not prejudice Defendants to cut Attorney Mooney off from his trial counsel role just because there are two other attorneys working on the case.

However, this ignores the fact of Mooney's long experience and background in these matters, including his continuous and unbroken relationship with Defendants during the past seven years on issues germane to this case and critical to defending this action. Defendants assembled this team of defense counsel specifically to work together to cover various skill sets and needs. Attorney Mooney stands in the unique role of holding long historical knowledge and background details about these Defendants and the relationship with Plaintiffs, about the 2007 litigation, and the related activities that have occurred over the past seven years.

Attorney Mooney has an acquired familiarity with the technical issues in this case, given his many years of experience working with this client and in the intellectual property field.

Defendants do not anticipate that Attorney Mooney will be involved in any role directly addressing the Court or jury during the trial. It is not anticipated he will present arguments, statements, or even question witnesses.

However, Defendants believe it direly important that Mooney be allowed to be in the courtroom throughout the trial so he can function in a unique advisory-counsel capacity and assist the rest of the defense team. His long history and

knowledge about relevant case issues, and advice about them, will be substantively vital to Defendants during trial.

To disqualify Attorney Mooney from attending the trial in the role of trial counsel will cause severe prejudice to Defendants in that it will cut off a major knowledge and advisory source to address issues, as they arise, during trial.

Plaintiffs have known for years about Attorney Mooney's role in the 2007 litigation, the 2008 Settlement Agreement, his testimony in December 2012 in a different case (the TRO hearing). That long knowledge, along with waiting until March 2015 to pursue a disqualification, makes this motion highly suspect. Although Plaintiffs have know all along of Attorney Mooney's roles with Defendants, they have still never listed him as a potential witness. The TRO hearing occurred in December 2012, but Plaintiffs waited until March 2015 to move to disqualify Mooney. We are in the late phases of this case. Removing a key person from the defense team at this late juncture would be prejudicial.

Given there is no likely chance of Mooney serving as a witness, and no one is claiming they intend to call him as a witness, there is no need to prejudice Defendants by excluding him.

IV.    <u>CONCLUSION</u>

Attorney Mooney will not serve any "dual role" at this trial. He is not an identified witness for any party. Plaintiffs do not suggest they want to call him as a witness. Defendants are here confirming they don't intend to call him as a witness. The knowledge Mooney has imparted during discovery involves topics that are not

paramount to this case and are topics on which other persons and documents could be utilized to put those topics into evidence, if need be.

The motion to disqualify, therefore, is presented for purely tactical reasons—to keep Attorney Mooney outside the courtroom (as a segregated witness) for the duration of the trial so he cannot advise and strategize with co-counsel as the trial unfolds.

Plaintiffs' motion is meritless and should be denied. Defendants further request the Court to impose sanctions upon Plaintiffs under Rule 37 for the cost of responding to this motion. Before filing this motion, Plaintiffs were informed that no party had designated Mooney as a potential trial witness, so it was wrongful to pursue this motion.

Respectfully submitted,

s/ Tiffany C. Miller
Tiffany C. Miller (Ohio 0072881)
Bailey Cavalieri LLC
One Columbus
10 West Broad Street, 21st Floor
Columbus, Ohio  43215-3422
Telephone:  (614) 229-3211
Telefax:  (614) 221-0479
tiffany.miller@baileycavalieri.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify the foregoing memorandum in opposition was served upon Plaintiffs by transmitting a copy of it to and through the Court's ECF system on April 8, 2015, which will send an NEF to Plaintiffs' counsel of record listed as recipients for NEFs in this action.

s/ Tiffany C. Miller
Tiffany C. Miller