UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC.,

Plaintiffs,

v.

BOOK DOG BOOKS, LLC and PHILIP SMYRES,

Defendants.

Case No. 1:13-cv-00816 (WHP) (GWG)

Judge William H. Pauley III

Magistrate Judge Gabriel W. Gorenstein

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' OBJECTIONS TO MAGISTRATE'S DECISION (DOCKET #244)**

Plaintiffs John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc. ("Plaintiffs" or "Publishers") respectfully submit this opposition to Defendants' "Objections to Magistrate's Decision (Docket #244)" (ECF No. 252, hereafter "Objections"). Defendants, Book Dog Books, LLC ("BDB") and Philip Smyres ("Smyres"), seek to have this Court overrule the Magistrate Judge's decision prohibiting them from inquiring into communications between Plaintiffs' counsel and Plaintiffs' retained expert regarding the drafting of his expert report. Indeed, Defendants seek to have this Court allow them to inquire unfettered into whether Plaintiffs' counsel contributed any opinions, conclusions, ideas or concepts to the expert's report. Defendants' application, however, is wholly without merit. This line of inquiry, aptly described by Magistrate Judge Gorenstein as the "back and forth between an expert and counsel as to the drafting of an expert report," was explicitly granted protection from disclosure by the 2010 Amendments to the Federal Rules of Civil Procedure. Magistrate Judge Gorenstein's ruling that Defendants' request "runs afoul" of these amendments is not clearly erroneous. Indeed, the decision properly applies the new Rule.

I.  **Background.**

On February 27, 2015, Defendants took the deposition of Plaintiffs' rebuttal expert, Professor George P. McCabe. While Defendants asked many questions of Professor McCabe regarding his rebuttal report, Defendants also improperly attempted to inquire into Professor McCabe's interactions with Plaintiffs' counsel. At the deposition, Defendants couched these questions in the guise of asking about who drafted his report and "where" his report was first drafted:

> Q To – to the best of your knowledge where was the first draft of this report prepared, Indiana or in –
> MR. OPPENHEIM: I'll let you finish your question.
> BY MR. MOONEY:

1

Q       Or – or somewhere else?

MR. OPPENHEIM: objection. I don't think that's a proper question, actually. I don't think under the new rule 26 you're allowed to ask that.

BY MR. MOONEY:

Q       You may answer.

MR. OPPENHEIM: No, no, no, rule 26(4)(b) specifically says that drafts of reports and disclosures regarding them are protected. And you're asking questions about draft reports so that's protected pursuant to the new rule 26, I don't believe it's a proper question so I think you should –

MR. MOONEY: Are you reading from –

MR. OPPENSHEIM: I'm reading from rule 26 right now.

BY MR. MOONEY

Q       All right.

MR. OPPENHEIM: To the extent Mr. Mooney you want to ask him how he went about preparing his report I won't object to that, he can give you a generalized answer to that, but asking specifically about drafts of the report is what I think the rule prohibits.

BY MR. MOONEY:

Q       Did anyone else write this report with you?

A       I wrote this report.

Q       I understand it has your name on it, I'm wondering if anyone else provided you with the text in it?

MR. OPPENHEIM: You're asking – objection.

MR. MOONEY: I'm not asking about drafts, I'm asking about this report, did anyone provide you with some of the text in this report.

MR. OPPENHEIM: Yeah, no, that's specifically what rule 26 seeks to – to preclude asking.

MR. MOONEY: I think I'm entitled to know if he wrote all of the report or if someone else wrote parts of the report.

MR. OPPENHEIM: Well, just ask him did he write all of the report, you did not ask him that, you can ask him that, did he write all the report.

BY MR. MOONEY:

Q       Did you write all of this report, by write I mean did you originally compose all of this report?

MR. OPPENHEIM: To the extent that what you're asking --

MR. MOONEY: Please this is a speaking objection.

MR. OPPENHEIM: Okay well then I object and I instruct him not to answer. There you go.

MR. MOONEY: I think that's something we'll have to take up with the Court and we will do so.

MR. OPPENHEIM: Why don't you ask him the question: Did you write this entire report?

MR. MOONEY: I have asked the question I would like the answers to.

(McCabe Dep. at 36-39, ECF No. 230 at 2-3).

As set forth in the colloquy above, Plaintiffs' counsel attempted to clarify what Defendants were attempting to ask and also suggested questions that would not be objectionable. When Defendants' counsel refused to allow Plaintiffs' counsel to clarify, Plaintiffs' counsel was left with no choice other than to instruct Professor McCabe not to answer the question.

On March 4, 2015, Defendants' counsel raised their dispute with the Court. (ECF No. 230). In their letter, they revealed the real reason behind their questioning, not to learn whether Professor McCabe authored his report, as he testified he did, but to "determine the *origin of the opinions and statements*, and related issues, contained within the expert report." (ECF No. 230 at 1) (emphasis added). Indeed, Defendants jettisoned any pretense in asking about drafts of the expert report, which was the basis for Plaintiffs' counsel's reliance on Federal Rule of Civil Procedure 26(b)(4)(B), and instead unabashedly proclaimed that they were interested in questioning Professor McCabe on "such items as the origin of certain sections of the report, the origin of data therein, and whether particular parts of the report were edited by or originated with third parties." (*Id*. at 6). They concluded, "This has strictly to do with understanding which persons originated the *theories, ideas, and opinions* in the report, even if Prof. McCabe chose to adopt those ideas." (*Id*.) (emphasis added).

Magistrate Judge Gorenstein readily rejected Defendants' attempt to delve into the type of attorney-expert communications Defendants sought, whether it was in the guise of asking who drafted particular sections of the report or whether the first draft was prepared in Indiana (Professor McCabe's location) or elsewhere. Magistrate Gorenstein stated, "In the context of the questioning, and the references to Rule 26(a)(4)(B) in counsel's colloquy, the Court believes that the clear import of the question was to ask the expert about the involvement of plaintiffs' counsel in the drafting of the expert's report." (ECF No. 244 at 1). He continued, "However, this line of

3

inquiry runs afoul of the 2010 Amendments to Fed. R. Civ. P. 26(b)(4)(B) and (C)." (*Id.*) To the extent, Defendants were attempting to inquire into whether someone *other than counsel* contributed to the drafting of the report, Magistrate Judge Gorenstein specifically allowed Defendants to ask that question and to make a new application if the answer was in the affirmative. (*Id.* at 1 n.1). Magistrate Gorenstein rejected the one case relied on by Defendants, *Gerke v. Travelers Cas. Ins. Co. of Am.*, 289 F.R.D. 316 (D. Or. 2013), as having a different factual record than the one developed here and as otherwise inconsistent with the 2010 amendments to Rule 26. (*Id.* at 1-2).

On March 30, 2015, Defendants issued the interrogatory permitted by Magistrate Judge Gorenstein, asking "Did any person other than George P. McCabe or plaintiffs' attorneys originally compose any section of George P. McCabe's expert report that was produced to Defendants in this action?" On March 31, 2015, Professor McCabe responded, "No."

II. **The Magistrate's Decision Is Not Clearly Erroneous or Contrary to Law Because Defendants' application seeks information expressly proscribed by the federal rules.**

In order for Defendants to overturn the Magistrate's decision on this discovery issue, Defendants must demonstrate that his order is clearly erroneous and contrary to law. *Rywkin v. New York Blood Ctr.,* No. 95 Civ. 10008 (WHP), 1999 WL 435242, 1999 U.S. Dist. LEXIS 9570, at *4 (S.D.N.Y. June 22, 1999) ("A district judge may reconsider any pretrial matter determined by a magistrate judge under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A)."); *Olivadoti v. Church & Dwight Co.,* No. 05 Civ. 9266 (RMB) (DFE), 2006 WL 1676463, 2006 U.S. Dist. LEXIS 40167, at *4 (S.D.N.Y. June 15, 2006) ("[A] magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion"). Magistrate Judges are given broad latitude in resolving discovery disputes, including questions

4

of privilege. *Thompson v. Keane,* No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, 1996 U.S. Dist. LEXIS 6022, at *2 (S.D.N.Y. May 6, 1996). In this case, Magistrate Judge Gorenstein's decision that Defendants not be permitted to inquire into privileged matters between Plaintiffs' counsel and Professor McCabe was not clearly erroneous or contrary to law.

> **A.    The 2010 Amendments to Rule 26(b)(4) explicitly forbids discovery into attorney-expert communications outside of limited exceptions.**

Despite somewhat of an evolution in Defendants' position as to what exactly they were seeking to obtain from Professor McCabe at his deposition, it is now clear, as Magistrate Judge Gorenstein noted in his decision, and from the Objections Defendants have now filed to the Magistrate Judge's decision, that Defendants really want to discover what, if any, "ideas, philosophies, [or] conclusions" were "concepts suggested to him" by Plaintiffs' counsel. (Objection at 4). Defendants care not about whether any third parties originally composed any sections of Professor McCabe's expert report, as Magistrate Judge Gorenstein permitted them to discover by interrogatory. (ECF No. 244 at 1 n.1). In dismissing the allowed Interrogatory as "useless," Defendants complain that "Plaintiffs will not have to reveal whether their *attorneys* developed the *opinions* and gave them over to the expert to adopt as his own." (Objections at 4 n.1) (emphasis added). Clearly, what Defendants seek is to be permitted to inquire unfettered into what "ideas, conclusions, assumptions, etc." Plaintiffs' attorneys communicated to Professor McCabe and other "questions of this nature." (Objections at 5).

The 2010 amendments to Rule 26(b)(4) of the Federal Rule of Civil Procedure, however, could not be clearer that Defendants may not inquire into such attorney-expert communications. The 2010 amendments to Rule 26(b)(4) changed the prior rule and associated case law explicitly to grant "work-product protection against discovery regarding draft expert disclosures or reports and – with three specific exceptions – communications between expert witnesses and counsel."

5

Fed. R. Civ. P. 26(b)(4) 2010 Notes of Advisory Committee ("NAC") ¶ 1. Rule 26(b)(4)(B) was added to provide work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports. NAC ¶ 9. As emphasized by the Advisory Committee Note, Rule 26(b)(4)(C) was explicitly "designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." It notes:

> Rule 26(b)(4)(C) was added to provide work-product protection for attorney-expert communications regardless of the form of the communications, whether oral, written, electronic, or otherwise. The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, *including any "preliminary" expert opinions*.

NAC ¶ 10 (emphasis added).

Thus, Rule 26(b)(4)(C) prohibits discovery into *any* attorney-expert communications, including into discussions about preliminary opinions as Defendants here seek, and permits inquiry into only three specific exceptions. First, attorney-expert communications regarding the expert's compensation are discoverable. Fed. R. Civ. P. 26(b)(4)(C)(i). Second, the rule excepts attorney-expert communications *identifying* the facts or data provided by counsel. Fed. R. Civ. P. 26(b)(4)(C)(ii). However, under this exception, the Advisory Committee Note specifically cautioned that the "exception applies only to communications 'identifying' the facts or data provided by counsel; further communications about the potential relevance of the facts or data are protected." NAC ¶ 16. Third, attorney-expert communications identifying assumptions that the expert relied upon in forming the opinions to be expressed are also discoverable. Fed. R. Civ. P. 26(b)(4)(C)(iii). The Advisory Committee Note again cautioned that "[t]his exception is

6

limited to those assumptions that the expert actually did rely on in forming the opinions to be expressed. More general attorney-expert discussions about hypotheticals, or exploring possibilities based on hypothetical facts, are outside this exception." NAC ¶ 17.

Finally, the 2010 Advisory Committee Note explains that discovery regarding communications outside of the three exceptions or regarding draft reports is permitted only in limited circumstances and by court order following a showing of substantial need under Rule 26(b)(3)(A)(ii). NAC ¶ 18. Defendants have never claimed such a need, much less made the required showing. In the "rare case" where a party does make the showing, the Advisory Note again cautioned that the "court must protect against disclosure of the attorney's mental impressions, conclusions, opinions, or legal theories under Rule 26(b)(3)(B)." NAC ¶ 1.

In light of this extensive commentary into the purpose of the 2010 Amendments to Rule 26(b), Magistrate Judge Gorenstein properly prohibited Defendants from inquiring into Plaintiffs' counsel's involvement, if any, in the drafting of Professor McCabe's report. While it does not appear that the Second Circuit has directly addressed this issue, Magistrate Judge Gorenstein's decision is consistent with other courts who have considered similar issues. *See, e.g., Dongguk Univ. v. Yale Univ.*, No. 3:08-cv-00441 (TLM), 2011 WL 1935865, 2011 U.S. Dist. LEXIS 157690, at *4 (D. Conn. May 19, 2011) (precluding discovery of portions of a memorandum that contained "Potential Topics for Expert Report" while allowing portions that contained facts and assumptions); *United States CFTC v. Newell*, 301 F.R.D. 348, 352 (N.D. Ill. 2014) (rejecting plaintiffs' request that drafts and attorney-expert communication should be produced because defense counsel "commandeered" the drafting of defendants' expert reports); *Meds. Co. v. Mylan Inc.*, No. 11-cv-1285, 2013 WL 2926944, 2013 U.S. Dist. LEXIS 82964, at *12 (N.D. Ill. June 13, 2013) (rejecting motion to allow continued deposition of expert and

expert-attorney communication with respect to authorship of reports). Equally prohibited by Rule 26(b)(4) would be Defendants' request now to probe further into Plaintiffs' counsels' communications with Professor McCabe, including what "ideas, conclusions, assumptions, etc." (whatever "etc." could mean) counsel communicated to Professor McCabe.

### B. The *Gerke* decision is not controlling authority.

Defendants' sole authority for its position is the case of *Gerke v. Travelers Cas. Ins. Co. of Am.*, 289 F.R.D. 36 (D. Oregon 2013). Contrary to Defendants' assertion, however, Magistrate Judge Gorenstein did not reject this case "for no logical reason." (Objections at 4). Rather, Magistrate Judge Gorenstein distinguished *Gerke* in that there appeared to be testimony in *Gerke* suggesting that the final report included "facts, data and assumptions provided by Plaintiff's counsel," exceptions specifically allowed by Rule 26(b)(4)(C)(ii). (ECF No. 244 at 1-2). Magistrate Judge Gorenstein correctly noted that no such record of a similar attempt by Defendants to unsuccessfully obtain facts, data and assumptions (as opposed to ideas, conclusions and opinions) was developed here.[1] Moreover, Defendants' claim that they were precluded from developing such a record because "Plaintiffs won't answer the questions and the Court won't allow the discovery to occur" (Objections at 5) is wholly baseless. Defendants have not and cannot cite to anywhere in Professor McCabe's deposition transcript where they attempted to inquire about facts and assumptions provided by Plaintiffs' counsel to Professor McCabe, but were denied that information.

---

[1] Indeed, Defendants' failure to refer to any part of the deposition testimony for their appeal raises a question as to whether they have even properly preserved the dispute for review. *Jones v. Smith*, No. 09 Civ. 6497 (PAE) (GAY), 2012 WL 1592190, 2012 U.S. Dist. LEXIS 64032, at *21 (S.D.N.Y. May 7, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge.").

Finally, even were the facts of *Gerke* similar to the instant case, Magistrate Judge Gorenstein was not clearly erroneous in declining to follow it. Given the clear intent of the 2010 Amendments to Rule 26 as set forth above, Magistrate Judge Gorenstein properly noted that *Gerke's* result was inconsistent with those amendments. Indeed, *Gerke's* reasoning was based on caselaw that pre-dated the 2010 Amendments. Not surprisingly, a number of courts who have considered the *Gerke* decision have declined to follow it. *See Newell*, 301 F.R.D. at 352 (declining to follow *Gerke*); *Meds. Co.*, 2013 U.S. Dist. LEXIS 82964, at *12 (declining to follow *Gerke*). Magistrate Judge Gorenstein's decision to join other courts that have declined to follow *Gerke* is similarly appropriate.

In short, Defendants' dispute has never been about the discovery of "facts" or "assumptions" or any of the topics permitted by Rule 26(b)(4). Defendants instead seek *carte blanche* authority to inquire specifically into the communications between Plaintiffs' counsel and Professor McCabe regarding counsel's opinions, conclusions, ideas and concepts. The Court should reject Defendants' attempt to spurn the 2010 Amendments to Rule 26(b)(4) and affirm the Magistrate Judge's ruling.

Dated: April 14, 2015

Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

By: /s/ *Matthew J. Oppenheim*
Matthew Jan Oppenheim
Julie C. Chen
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480-2999 Telephone
matt@oandzlaw.com
julie@oandzlaw.com

*Counsel for Plaintiffs*