UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOOK DOG BOOKS, LLC and PHILIP SMYRES, <br><br> Defendants. | Case No. 1:13-cv-00816 (WHP) (GWG) <br><br> Judge William H. Pauley III <br><br> Magistrate Judge Gabriel W. Gorenstein |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR DISQUALIFICATION OF NEIL B. MOONEY**

I. **PRELIMINARY STATEMENT AND DEFENDANTS' FAILURE TO STIPULATE TO MOONEY'S ROLE**

Defendants' Opposition to Plaintiffs' Motion for Disqualification is baffling on several levels. On the substance of the motion, it misstates the law and the facts. Mr. Mooney has repeatedly been a substantive witness for Defendants. While Defendants may now offer that they will not call him as a witness at trial, Plaintiffs might very well have to, depending on the testimony of other witnesses. Under the clear law on this issue, that is enough to result in his disqualification.

More baffling, however, is that we are even briefing this issue. In the closing pages of Defendants' Opposition, Defendants state that they "*do not anticipate that Attorney Mooney will be involved in any role addressing the Court or the jury during the trial,*" and *"[i]t is not anticipated he will present arguments, statements, or even question witnesses."* Def. Mem. in

1

Opp. to Pl. Disqualification Mot. ("Opp."), ECF No. 253, at 18 (emphasis added). Plaintiffs were surprised to see this statement, because before incurring the expense of preparing the disqualification motion in the first instance, and *as specifically directed by this Court* in its March 9, 2015 Order (ECF 238), Plaintiffs' counsel asked Mr. Mooney if he would stipulate that he would not appear as trial counsel. *See* Pl. Mem. in Supp. of Disqualification Mot. ("Pl. Mem."), ECF No. 247, at 2; Decl. of M. Oppenheim in Support, ECF 248, ¶ 2. At the time, Mr. Mooney refused to do so. *See id.*

After reading Defendants' Opposition, Plaintiffs assumed the parties could resolve this dispute with a stipulation and relieve the Court of having to rule on Plaintiffs' Motion. Accordingly, Plaintiffs' counsel again asked Mr. Mooney if he would stipulate that he would not appear as trial counsel, and Plaintiffs would not object to Mr. Mooney sitting at counsel table during the trial. *See* Supplemental Decl. of Matthew Oppenheim in support hereof ("Supp. Oppenheim Decl."), ¶ 2. The proffered stipulation would give Defendants everything they want and avoid the need for the Court to formally disqualify Mr. Mooney as counsel of record.

While it seems inconceivable given Defendants' statements in their brief, Plaintiffs' offer did not result in a resolution. In fact, the day before the due date of this reply, Defendants summarily rejected it. *See* Supp. Oppenheim Decl. ¶ 3 & Ex. 1. Apparently Defendants believe that because Mr. Mooney is not an "intended" witness for the defense, there is no basis for restricting his role as counsel. *See id.* Ex. 1. This completely ignores several salient points, however. First, as shown in Plaintiffs' motion, Mr. Mooney is already a fact witness in this case. Second, *Plaintiffs* may need to call him as a witness at trial. Frankly, this is an undesirable position for Plaintiffs to be in, and one that calls to mind the precise rationale behind the lawyer-witness rule. *See Ramey v. Dist. 141, Int'l Ass'n, of Machinists & Aerospace Workers*, 378 F.3d

269, 282-83 (2d Cir. 2004) ("the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility" and "[m]ost important, when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts in undermined"); *Amusement Indus. v. Stern*, 657 F. Supp.2d 458, 461 (S.D.N.Y. 2009) (citing *Ramey*). However, it is a scenario that Defendants created by relying upon Mr. Mooney to testify to substantive issues, and one that must be managed as best as possible from this point forward to preserve the integrity of the judicial process. Third, whether Defendants intend to call their counsel as a witness at trial is not the standard for disqualification. The question is more broad – is the lawyer "likely to be a witness on a significant issue of fact" – and if so, he should not "act as an advocate." N.Y.R. of Prof'l Conduct 3.7(a), 22 N.Y. Comp. Codes, R & Regs. § 1200 ("N.Y. Rule 3.7(a)").

In sum, Plaintiffs respectfully request that Mr. Mooney – at a minimum – be prohibited from functioning as trial counsel. Given both that the result of Plaintiffs' Motion seems obvious and that it should never have needed to be briefed, Plaintiffs also seek the attorneys' fees and expenses they incurred in bringing this motion.

## II. **ARGUMENT IN REPLY**

### A. Mooney Is Already a Fact Witness

Defendants argue throughout their opposition that Plaintiffs' motion should be denied because they will not be calling Mr. Mooney as a witness at trial. *See, e.g.*, Opp. at 1 ("Plaintiffs well know that Attorney Mooney will not be a trial witness in this action. Defendants have never suggested they intend to call Mooney as a trial witness."); *id.* at 6 n. 2 ("Defendants don't plan to call him as a witness."). However, Defendants' promises in this regard do not end the inquiry in

the context of a disqualification motion, because they have already repeatedly offered Mr. Mooney a fact witness in the pre-trial phase. *See Dolenec v. Pressler & Pressler, L.L.P.*, 2014 U.S. Dist. LEXIS 164143, at *3 (S.D.N.Y. Nov. 24, 2014) (disqualified attorney offered two certifications in support of defendants' summary judgment motion which included "factual assertions, based upon personal knowledge," and subsequently, in a joint pre-trial order – not "early on" as Defendants here mistakenly state (Opp. at 14) – plaintiff identified the attorney as a witness); *see also Anderson & Anderson LLP-Guangzhou* v. *North Am. Foreign Trading Corp.*, 45 Misc. 3d 1210(A), 2014 N.Y. Misc. LEXIS 4611, at *8 (N.Y. Sup. Ct. Oct. 20, 2014). Defendants' argument that Mr. Mooney's Declaration submitted in opposition to Plaintiffs' motion for partial summary judgment is no different than declarations submitted by Plaintiffs' counsel in motions practice is absurd. Mr. Mooney's declaration was not submitted "for purposes of properly putting [into the record] background information" that an attorney would have in his role as counsel or for "putting . . . documents into the record." Opp. at 5; Pl. Mem. at 3-5. Rather, in the declaration, Mr. Mooney speaks as the Defendants themselves, and makes substantive representations of fact regarding the parties' intentions in entering into, and the meaning of, the 2008 settlement provisions. For example, on the issue of the allocation of settlement funds between piracy and other claims (Mooney Decl. ¶ 8), an issue that Defendant Smyres had no knowledge of in his deposition, Mr. Mooney injected himself as the sole defense "witness." *See* Pl. Mem. at 4. Similarly, he offers testimony, albeit unpersuasive, that certain provisions of the 2008 Settlement Agreement were "material." *See id.* at 4-5. This testimony is not in the nature of providing documents for the record. It is obviously substantive.

With regard to Mr. Mooney's deposition, Defendants maintain that because the Court ordered the deposition, it does not bear upon the issue of disqualification. *See* Opp. at 4, 10, 16-

17. However, Defendants ignore the fact that it was Mr. Smyres' deposition testimony purporting to contradict Defendants' 2008 disclosures regarding counterfeit textbook suppliers and pointing to his alleged conversations with Mr. Mooney when asked to explain this inconsistency that: 1) waived the attorney-client privilege, 2) caused the need for Mr. Mooney's deposition, and 3) contributed to the potential need for Plaintiffs to call Mr. Mooney as a witness at trial. *Compare* Pl. Mem. in Supp. of Mot. to Compel, ECF 109, at 2-4 & Ex. 5 (quoting and attaching Smyres deposition testimony excerpts, including that he "thought it was clearly said to [his] attorney that Wirat Education was the source of almost all of the books," even though the disclosure document indicates that Best Books World was the source), *with* Pl. Mem. at 6 & Opp. Decl. Ex. 4 (addressing Mooney's testimony regarding the disclosures).

    Finally, Defendants maintain that disqualification is not warranted because Mr. Mooney's testimony would be cumulative of other witnesses. *See* Opp. at 11-14. If this were the case and other defense witnesses were available to offer the same evidence that Mooney has, it begs the question why Defendants would have relied on him as their sole witness at the 2012 TRO hearing, a key declarant in opposing Plaintiffs' summary judgment motion, and the person with supposed knowledge about the critical 2008 disclosures. Setting the case up this way has led to the very concerns that the lawyer-witness rule is intended to address regarding potential trial taint, as well as unfairness to the opposing party. *See Amusement Indus.*, 657 F. Supp. at 460-61; *MacArthur v. Bank of N.Y.*, 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981). In ruling on Plaintiffs' motion, the Court should take into account Defendants' actual course of action, not simply their assertion, once they have been challenged, that "[m]any other people could be called upon to testify [on] the same topics." *See* Opp. at 4.

### B. Plaintiffs May Need to Call Mooney as a Witness

Given the testimony that already has been elicited, Plaintiffs may need to call Mr. Mooney as a trial witness, and expressly reserve the right to do so. Whether or not Plaintiffs actually call him depends upon the testimony of other witnesses, including Mr. Smyres. For instance, if Mr. Smyres testifies about the 2008 disclosures along the lines of his deposition testimony, Plaintiffs may need Mr. Mooney's testimony – not anyone else's testimony. *See* Pl. Mem. at 5-6; *see generally* Fed. R. Civ. P. 26(a)(3) (referencing pretrial disclosures, including identifying information regarding witnesses that a party "expects to present and those it may call if the need arises"). Plaintiffs' decision may also depend upon the testimony that Defendants offer or appear likely to offer regarding their dealings with counterfeit book suppliers. *See, e.g.,* Pl. Mem. at 8 (indicating that Plaintiffs may "rely at trial" on Mr. Mooney's testimony at the 2012 TRO hearing that when Defendants identify a supplier of counterfeit books, they "absolutely" stop doing business with that supplier).

The fact that Plaintiffs' Rule 26(a)(1) Initial Disclosures do not identify Mr. Mooney does not preclude them from calling Mr. Mooney. Initial Disclosures need only be supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). Defendants are fully aware of the issues surrounding Mr. Mooney's testimony, as 1) they created them in the first instance by making him a fact witness, and 2) the parties have now exchanged multiple writings on the subject. Moreover, as counsel of record for Defendants, Mr. Mooney is certainly not a witness that is unknown to Defendants, as was the issue in connection with the Court's prior Order cited by Defendants. *See* Opp. at 10 n.3; Nov. 12, 2014 Order, ECF No. 174.

Perhaps Defendants' Opposition intended to refer to Pretrial Disclosures under Rule 26(a)(3), but the time for such disclosures is not yet ripe.

        C.      <u>The Court Should Establish Clear Limits Going Forward</u>

Recognizing that the New York Rules of Professional Conduct are not "binding" on this Court, Rule 3.7(a), the "lawyer-witness" rule, still serves as the framework for considering Plaintiffs' motion. *See* 657 F. Supp.2d at 460-61. Nothing in Defendants' opposition contradicts that the plain language of this rule applies to the present situation. Mr. Mooney "is likely to be a witness on a significant issue of fact," and thus, he "shall not act as an advocate before a tribunal in [the] matter." N.Y. Rule 3.7(a). Other than substantial hardship, which is specious given the two other law firms representing Defendants, and their representation that Mr. Mooney does not intend to try the case, Defendants do not argue that the exceptions to the lawyer-witness rule apply.

While Defendants cite a number of cases, they do not involve factual scenarios where the attorney's and his clients' conduct in the litigation has already established the attorney's role as a fact witness. Such a scenario was presented in the recent *Dolenec* case*,* where the court granted the plaintiffs' disqualification motion after defense counsel submitted fact-based certifications in support of summary judgment and plaintiffs then expressed their intent to call him as a trial witness. 2014 U.S. Dist. LEXIS 164143, at *3. Moreover, Defendants do not cite cases where the Court, knowing that there was a real potential for the attorney to play a dual lawyer-witness role at trial, simply allowed it to happen without restriction. Defendants focus their argument on their assumption that Mr. Mooney will not be a witness, and therefore there is no chance of jury confusion or any of the other concerns behind the lawyer-witness rule arising. However, Defendants' assumption is simply not correct. Mr. Mooney may well end up being a witness.

The Court's Order should eliminate the possibility of any ambiguity going forward. Given his and his client's conduct to date, Mr. Mooney should be disqualified from serving as trial counsel. There should be no chance that he would address the jury or the Court at trial, question any witnesses, or make any statements or arguments. To hold otherwise would allow for the possibility of jury confusion and prejudice to Plaintiffs.

D. The Court Should Award Plaintiffs Costs and Fees

Plaintiffs tried and tried again to avoid filing the present motion. Rather than resolve this issue in a manner that would have apparently provided Defendants with everything they wanted, Defendants acted in bad faith and rejected each of Plaintiffs' requests to resolve this matter short of litigation. The Court instructed that – before Plaintiffs file their motion – they determine whether Mr. Mooney would stipulate not to act as trial counsel. Defendants rejected Plaintiffs' request for such a stipulation. But then in their Opposition, they essentially concede that Mr. Mooney will not "address the Court or the jury during trial" or "present arguments, statements, or even question witnesses." Opp. at 18. If this is not "acting as trial counsel," Plaintiffs are not sure what is. Then, remarkably, when Plaintiffs saw Defendants' representation in their Opposition as another opportunity to potentially resolve the matter and conserve valuable resources, Defendants again refused to stipulate, and caused Plaintiffs to incur further expenses by filing this reply brief.

Pursuant to the Court's inherent powers to manage the litigation before it, require cooperation and fair dealing, and sanction litigants for bad faith conduct causing needless motion practice, Plaintiffs should be awarded their fees and costs in bringing this motion. *See Chambers v. NASCO*, Inc., 501 U.S. 32, 45-46 (U.S. 1991) (holding that courts have inherent powers to impose attorneys' fees and costs as a sanction, including when a party willfully disobeys a court

order or has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'") (citations omitted); *Kirby v. Coastal Sales Assocs.*, 199 F.R.D. 111, 119 (S.D.N.Y. 2001) (referring to plaintiffs' "game-playing" on an issue that "subjected [the] court and the defendants to unnecessary motion practice and vexatious delay" and allowing defendants to file a motion to recover costs and attorneys' fees). If the Court agrees, Plaintiffs will file supporting documentation within seven days of the Court's order or whatever time period the Court may set.

III. **CONCLUSION**

For all of the foregoing reasons, as well as those set forth in Plaintiffs' moving papers, Plaintiffs' Motion should be granted, and Mr. Mooney should be disqualified, at least from serving as trial counsel in this litigation.

Dated: April 16, 2015

Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

By: /s/ *Matthew J. Oppenheim*
Matthew J. Oppenheim
Julie C. Chen
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480.2999 Telephone
matt@oandzlaw.com
julie@oandzlaw.com

*Counsel for Plaintiffs*