UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOOK DOG BOOKS, LLC and PHILIP SMYRES, <br><br> Defendants. | Case No. 1:13-cv-00816 (WHP) (GWG) <br><br> Judge William H. Pauley III <br><br> Magistrate Judge Gabriel W. Gorenstein |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION (ECF NO. 308) GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs John Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage"), and Pearson Education, Inc. ("Pearson") (collectively, "Plaintiffs") respectfully submit this reply brief in support of their objections to the Report and Recommendation from Magistrate Judge Gorenstein, filed September 30, 2015 (Docket No. 308) (the "Report"), finding that partial summary judgment should be granted in favor of Defendants Book Dog Books, LLC ("BDB") and its owner, Philip Smyres ("Smyres").

**Argument**

The Report recommends that copyright and trademark claims for 117 of the 140 counterfeit titles at issue should be dismissed (as to sales but not as to importation). On October 19, 2015, Plaintiffs filed Objections to the Report. (ECF No. 317) ("Objections to Report"). This reply is narrowly tailored to new matters set forth in Defendants' Response to Plaintiffs'

1

Objections to the Report. (ECF No. 330) ("Defs' Response").

First, Defendants' discussion of *Mehra v. Bentz*, 529 F.2d 1137 (2d Cir. 1975) is misleading. (Defs' Response at 12). The case is inapposite. Defendants rely upon it because they are unable to distinguish the cases discussed in Plaintiffs' objections, which are on-point and compelling. (Objections to Report at 19-22.)

Defendants quote the *Mehra* case for the proposition that inferences are not reasonable unless they are the only ones that could be drawn from the evidence presented. *Mehra* indicates that, "[i]f the circumstantial evidence presented lends itself equally to several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be equivalent of engaging in pure speculation about the facts." *Mehra*, 529 F.2d at 1139. Defendants cite this case in an attempt to justify the Report's failure to draw reasonable inferences in Plaintiffs' favor.

In citing *Mehra*, Defendants failed to indicate that the Second Circuit's language in *Mehra* spoke only to the issue of causation in a claim of negligence under New York law, as do the remaining cases cited by Defendants to support their position. (*See* Defs' Response at 12-13). While such strict standard of proof applies in a New York state law negligence action, it does not impact the sufficiency of Plaintiffs' evidence in this federal action involving copyright and trademark claims. To be sure, Plaintiffs' circumstantial evidence is overwhelming as to particular counterfeit titles, where there can only be one reasonable inference. As to the other counterfeit titles, where there may be conflicting evidence, the jury will render a determination based upon what it believes is more likely than not under the facts presented. This is entirely consistent with how circumstantial evidence, with conflicting possible inferences, was considered in the multitude of cases discussed in Plaintiffs' objections, including the Second

Circuit's ruling in *Fendi Adele*. (Objections to Report at 19-22.)

Second, Defendants mistakenly assert that Plaintiffs' objections rest upon a determination that spoliation of evidence took place. That is not accurate. In his Opinion and Order denying Plaintiffs' motion for sanctions, Magistrate Judge Gorenstein recognized that Defendants destroyed counterfeit textbooks, including after receiving cease and desist letters from Plaintiffs and even well into this litigation. (*See* Opinion and Order, filed October 2, 2015 (ECF No. 309) at 6-7). Indeed, Defendants' destruction of counterfeits policy is well documented. (*Id.* at 8). While Magistrate Judge Gorenstein concluded that the destruction did not take place in derogation of Defendants' preservation obligations (a determination that Plaintiffs are appealing), a jury is still entitled to consider the fact that Defendants routinely destroyed counterfeit textbooks, deliberately not even keeping records of what they destroyed or the suppliers of the books. In fact, Judge Gorenstein's Order denying sanctions expressly indicates the denial of sanctions did not preclude a permissive inference instruction at trial. (*Id.* at 17 n.3).

Third, Defendants chide Plaintiffs for not offering certain statistical evidence. But, the circumstantial evidence presented by Plaintiffs, strengthened further by the direct evidence for the unchallenged counterfeits, is more than sufficient to go to the jury, squarely comporting with *Fendi Adele* and the other cases cited in Plaintiffs' Objections. (*See* Objections to Report at 19-22). There is no requirement to offer statistical evidence. Rights owners in counterfeiting cases do not have unfettered access to inspect and analyze the inventories of defendants, their overseas counterfeit suppliers, and their customers. Tellingly, Defendants do not cite cases that require such statistical evidence. Defendants argue for the need for such data only by conjuring up a hypothetical scenario devoid from any facts on record. Defendants' speculation about what the numbers "might" suggest should be cast aside. This is a federal action involving copyright and

trademark claims, not a state law negligence action.  There are actual facts and they warrant all the counterfeit titles going to the jury for consideration.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court reject the September 30 Report and Recommendation's determination that there is insufficient evidence to create a genuine issue of material fact that Defendants distributed 117 of the 140 works in suit.

Dated:  November 9, 2015

Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

By:  /s/ *Matthew J. Oppenheim*
Matthew J. Oppenheim
Julie C. Chen
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480.2999 Telephone
matt@oandzlaw.com
julie@oandzlaw.com

*Counsel for Plaintiffs*