UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOOK DOG BOOKS, LLC and PHILIP SMYRES, <br><br> Defendants. | Case No. 1:13-cv-00816 (WHP) (GWG) |

**PLAINTIFFS' RESPONSE TO THE MOTIONS TO INTERVENE FILED BY WESTFIELD INSURANCE COMPANY (ECF No. 327) AND THE NETHERLANDS INSURANCE COMPANY (ECF No. 324)**

Plaintiffs John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") respectfully submit this response to the motions to intervene filed by Westfield Insurance Company ("Westfield") (ECF Nos. 327-329) and the Netherlands Insurance Company ("The Netherlands") (ECF Nos. 324-326) (collectively, the "Insurance Companies"). The Insurance Companies seek to intervene for the limited purpose of proposing special interrogatories to the jury at the time of trial. Neither of the Insurance Companies, however, has submitted the proposed special interrogatories for review. While Plaintiffs do not oppose the Insurance Companies' motion to intervene, Plaintiffs request that the Court reserve judgment as to whether the actual proposed special interrogatories will be submitted to the jury until after (1) the Insurance Companies have submitted their proposed special interrogatories, (2) an opportunity is given for the parties to review and respond to the proposed special interrogatories, and (3) a determination is made that the proposed special jury instructions will not delay the trial,

1

confuse the jury, or otherwise prejudice the parties.

Under Rule 24(b) of the Federal Rules of Civil Procedure, a court has broad discretion to permit intervention where there is a common question of law or fact and intervention would not unduly delay or prejudice the adjudication of rights of the original parties.[1] *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 876 (2d Cir. 1984). When granting either permissive intervention or intervention of right, the district court has discretion to set such limits or "conditions [as are] necessary to 'efficient conduct of the proceedings.'" *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191-92 (2d Cir. 1970) (quoting 1966 Advisory Committee Notes to Fed. R. Civ. P. 24(a)). The Second Circuit has recognized that setting conditions on intervention is "a well-established practice." *Shore v. Parklane Hosiery Co., Inc.*, 606 F.2d 354, 356 (2d Cir. 1979).

Thus, in the limited number of decisions where Courts have allowed intervention in similar cases, especially where, as here, the proposed special jury instructions had not been provided, they have done so while ensuring that the interrogatories would not result in delay or prejudice to the parties. *See, e.g., Thomas v. Henderson,* 297 F. Supp. 2d 1311, 1327 (S.D. Ala. 2003) (allowing insurance company to intervene provided that: (1) "any right to proffer special interrogatories or verdicts would not infer or imply that the Court would feel obligated to submit them to the jury;" and (2) the insurance company "may not compromise the interests of [its] insureds herein"); *Fidelity Bankers Life Ins. Co. v. Wedco, Inc.*, 102 F.R.D. 41, 44-45 (D. Nev. 1984) (same); *Plough, Inc. v. Int'l Flavors & Fragrances, Inc.*, 96 F.R.D. 136 (W.D. Tenn. 1982) (granting motion to intervene and allowing the insurance company to propose special

---

[1] Although Westfield also seeks leave to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, the Second Circuit, in similar circumstances, has held that an insurance company does not have a right to intervene under Rule 24(a)(2) for the purpose of proposing special interrogatories to the jury. *Restor-A-Dent Dental Laboratories, Inc.*, 725 F.2d at 876.

2

interrogatories to the court while reserving judgment on whether the interrogatories would be submitted to the jury after opposing parties have been given full opportunity to review the submitted interrogatories and respond to such).

In this case, Plaintiffs request that the Court similarly reserve judgment on whether the special interrogatories would actually be submitted to the jury until after the parties have been provided an opportunity to review and respond to the special interrogatories and the Court has determined that the interrogatories will not confuse the jury, delay trial or otherwise prejudice the interests of the parties.  In seeking intervention, the Insurance Companies have committed that they will neither participate in trial itself nor delay this action.  (*See* Memorandum of Law in Support of Westfield Insurance Company's Motion to Intervene for Limited Purpose (ECF No. 328) at 5; The Netherlands Insurance Company's Memorandum of Law in Support of Motion to Intervene (ECF No. 325) at 2).  In order to ensure that the parties have an adequate opportunity to review, Plaintiffs request that the Court instruct the Insurance Companies to submit their actual proposed special interrogatories no later than 30 days prior to the filing of the Joint Pretrial Order, when that date is set.

Dated:  December 9, 2015                                Respectfully submitted,

                                                By:     /s/ *Matthew J. Oppenheim*
                                                        Matthew J. Oppenheim
                                                        Julie C. Chen
                                                        OPPENHEIM + ZEBRAK, LLP
                                                        5225 Wisconsin Avenue NW, Suite 503
                                                        Washington, DC 20015
                                                        (202) 480.2999 Telephone
                                                        matt@oandzlaw.com
                                                        julie@oandzlaw.com

                                                        *Counsel for Plaintiffs*

3