**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF THE STATE OF NEW YORK**

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., PEARSON EDUCATION, INC. AND ELSEVIER, LTD.,    :    : | CIVIL ACTION NO. 1:13-cv-00816 – (WHP)(GWG) |
|                Plaintiff,    :    : | |
|      v.    :    : | |
| BOOK DOG BOOKS, LLC AND PHILIP SMYRES,    :    :    : | |
|                Defendants.    :    : | |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF WESTFIELD INSURANCE COMPANY'S MOTION TO INTERVENE FOR A LIMITED PURPOSE**

---

*On the Brief:*
*Ingrid He, Esq.*

**WHITE AND WILLIAMS LLP**
7 Times Square, Suite 2900
New York, New York 10036

# CONTENTS

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. LEGAL ARGUMENTS.................................................................................................... 1

   A. Westfield's Motion Is Timely Given Its Limited Purpose And The Lack Of Prejudice To Other Parties.................................................................................................................. 1

   B. Westfield Is Entitled To Intervene As Of Right Because It Has An Independent Interest That Would Be Impeded As A Practical Matter Without Intervention ............................ 2

   C. Alternatively, The Court Should Grant Intervention On Permissive Grounds Because Westfield's Claim Has A Question Of Fact In Common With The Underlying Action .... 4

III. CONCLUSION................................................................................................................. 5

16402460v.1

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Allstate Insurance Co.*, No. 3:04CV7762, 2005 WL 927115, *1 (N.D. Ohio Apr. 20, 2005) .................................................................................................................................4

*American Steamship Owners Mutual Protection and Indemnity Ass'n., Inc. v. Alcoa Steamship Co.*,
No. 04Civ.4309LAKFM, 2005 WL 427593 (S.D.N.Y. Feb. 22, 2005) ....................................4

*Apple v. Atlantic Yards Development Co. LLC*,
No. 11-CV-5550(JG), 2014 WL 5450030 (E.D.N.Y. Oct. 27, 2014)....................................2

*Bassett Seamless Guttering, Inc. v. Gutterguard, LLC*,
No. 1:05CV00184, 2007 WL 2079718 (M.D.N.C. Jul. 13, 2007) ...........................................2

*Blackburn v. Hamoudi*,
505 N.E.2d 1010 (Ohio Ct. App. 1986)....................................................................................1

*Gehm v. Timberline Post & Frame*,
112 Ohio St.3d 514, 2007-Ohio-607.........................................................................................3

*Howell v. Richardson,*
544 N.E.2d 878 (Ohio 1989)................................................................................................3, 4

*Jackson v. Waterbury Police Department*,
No. 3:11-cv-642, 2015 WL 5251533 (D. Conn. Sept. 8, 2015)...............................................2

*Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc. ,* 725 F.2d 871, 876 (2d Cir. 1983).............................................................................................................4, 5

*Tomcany v. Range Constr.*,
11th Dist. No. 2003-L-071, 2004-Ohio-5314 ...................................................................1, 2, 3

*United States v. Pitney Bowes, Inc.*,
25 F.3d 66 (2d Cir. 1994)..........................................................................................................3

*United States v. Yonkers Bd. of Educ.*,
801 F.2d 593 (2d Cir.1986)........................................................................................................1

STATUTES AND COURT RULES

Federal Rules of Civil Procedure 24(a)(2)..............................................................................2, 5

Federal Rules of Civil Procedure 24(b)(2)..............................................................................4, 5

16402460v.1

## I.    PRELIMINARY STATEMENT

Westfield Insurance Company ("Westfield") is seeking intervention in this matter for the limited purpose of submitting jury interrogatories under the Court's supervision. As an insurer of the defendants, Westfield is seeking to apportion any jury award of damages in order to preserve its interest to reimburse only the portion it is responsible for under its insurance contract. Westfield is agreeable to foregoing any factual discovery or dispositive motions, unless the Court should grant such relief to The Netherlands Insurance Company ("Liberty"). To this limited end, Westfield respectfully requests that the Court grant its motion to intervene.

## II.    LEGAL ARGUMENTS

### A.  Westfield's Motion Is Timely Given Its Limited Purpose And The Lack Of Prejudice To Other Parties

Timeliness is a fluid factor that is examined based on the consideration of all surrounding circumstances. *United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 594-95 (2d Cir.1986). In the context of a motion to intervene, "timeliness is not a chronological concept, and it must be examined within the context of the proceedings." *Tomcany v. Range Constr.*, 11th Dist. No. 2003-L-071, 2004-Ohio-5314, at ¶41.

In other cases where the movant sought intervention shortly before trial, courts have found the motions to be timely where "intervention would presumably have been unnecessary" at an earlier stage and "intervention from day one of the litigation would have accomplished nothing but increasing appellant's attorney fees and costs." *Tomcany v. Range Constr.*, 11th Dist. No. 2003-L-071, 2004-Ohio-5314, at ¶44; *see also Blackburn v. Hamoudi*, 505 N.E.2d 1010, 1014 (Ohio Ct. App. 1986). Such is the case here, as Westfield's introduction of jury interrogatories would have been unnecessary at an earlier stage of the litigation. Any potential

16402460v.1

settlements would also have rendered the intervention superfluous, accomplishing nothing but increasing costs.

Defendant Book Dog Books, LLC ("BDB") argues that it will be prejudiced because it had not conducted any discovery on issues Westfield may now seek to present to a jury. (BDB's Br. 7-8) Multiple cases cited by BDB involve situations where the intervenor seeks a determination on issues of coverage and/or to extend or reopen discovery. *See Bassett Seamless Guttering, Inc. v. Gutterguard, LLC*, No. 1:05CV00184, 2007 WL 2079718, *1-2 (M.D.N.C. Jul. 13, 2007); *see also Apple v. Atlantic Yards Development Co. LLC*, No. 11-CV-5550(JG), 2014 WL 5450030, *12 (E.D.N.Y. Oct. 27, 2014); *Jackson v. Waterbury Police Department*, No. 3:11-cv-642, 2015 WL 5251533, *10 (D. Conn. Sept. 8, 2015).

However, to reduce such prejudice, "the trial court could [] easily limit[] [the] intervention to submission of jury interrogatories and condition[] [the] intervention upon no continuances in its favor." *Tomcany*, 2004-Ohio-5314, at ¶45. Plaintiff has agreed to allow intervention subject to these conditions. (*See* Plt.'s Br., 2-3) Westfield, too, is agreeable such limitations, but reserves its right to join in any additional relief should the Court grant it to Liberty.

Thus, in consideration of all of the circumstances of this case, the limited intervention Westfield seeks to obtain, and the lack of prejudice, Westfield's motion should be allowed as timely.

## B. <u>Westfield Is Entitled To Intervene As Of Right Because It Has An Independent Interest That Would Be Impeded As A Practical Matter Without Intervention</u>

Where a motion is timely, in order to intervene as a matter of right under Federal Rules of Civil Procedure 24(a)(2), the movant must establish it has an interest relating to the property or transaction in the underlying matter that is not adequately represented by the other parties and

16402460v.1

that without intervention, as a practical matter, it would be impeded in its ability to protect its interest. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Here, plaintiff alleges copyright and trademark infringements on the part of BDB. Westfield's insurance policy with BDB is limited to coverage of damages resulting from infringements within BDB's advertisements. Where plaintiff and BDB might have an interest in obtaining a "general verdict untested by interrogatories because that would foreclose [Westfield] from ascertaining the legal basis of the jury's verdict and preclude [it] from denying coverage," Westfield has an interest to ascertain only the claims and damages that would be covered under its policy. *Tomcany*, 2004-Ohio-5314, at ¶32-33.

While Westfield can theoretically seek to determine its coverage issue through a declaratory judgment, "this mechanism is ineffective because the legal basis for a verdict in favor of the [plaintiff] could only be determined by jury interrogatories submitted in [the underlying] matter." *Id.*, at ¶35. Further, Westfield has an interest to ensure it is not "collateral[ly] estopp[ed] from denying coverage for the verdict." *Id.*, at ¶36. This is particularly so because the Ohio Supreme Court[1] has held where an underlying action will determine adjudicative facts that will influence or determine the outcome of insurance coverage, the insurer *must* seize the opportunity to intervene or be precluded from relitigating issues on collateral estoppel grounds. *Howell v. Richardson,* 544 N.E.2d 878, 881 (Ohio 1989) (emphasis added). While BDB cites a number of federal cases to support the position that Westfield does not have an adequate interest to justify intervention (BDB's Br. p9-10), none of them involved the application of Ohio law, where the Supreme Court was adamant that an insurer's "opportunity [to intervene] *must* be seized." *Id.* at 881 (emphasis added); *see also Gehm v. Timberline Post &*

---

[1] Westfield's insurance contract with BDB is governed under Ohio law.

*Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, at ¶31 (holding that while *Howell* requires an insurer to intervene, if an insurer sought but was denied intervention, collateral estoppel would not prohibit future litigation of similar issues.)

Finally, as a practical matter, "[t]here is . . . a positive virtue in allowing intervention." *Allstate Insurance Co.*, No. 3:04CV7762, 2005 WL 927115, *1 (N.D. Ohio Apr. 20, 2005). By involving the insurer in the underlying action, settlement discussions may be facilitated. *Id.* Moreover, by ascertaining the proper apportionment of damages in this action, the parties are relieved from having to relitigate similar issues on the coverage claim. Thus, "the potential benefits, in terms of conservation of judicial resources and finality of result, outweigh any adverse consequences." *Id.* at *2.

Therefore, Westfield does have an interest that cannot be adequately represented by the other parties in the underlying suit and, as a practical matter, would be impeded without intervention. Accordingly, Westfield's motion for intervention should be granted as of right.

## C. **Alternatively, The Court Should Grant Intervention On Permissive Grounds Because Westfield's Claim Has A Question Of Fact In Common With The Underlying Action**

Under Federal Rules of Civil Procedure 24(b)(2), intervention can be permitted by the court on timely motion when "an applicant's claim or defense and the main action have a question of law or fact in common." In making such a determination, the district court has broad discretion to decide whether or not to grant the intervention. *American Steamship Owners Mutual Protection and Indemnity Ass'n., Inc. v. Alcoa Steamship Co.*, No. 04Civ.4309LAKFM, 2005 WL 427593, *10 (S.D.N.Y. Feb. 22, 2005).

While BDB cites *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.* extensively for the proposition that intervention should be denied, it is of note that the Second Circuit only upheld the district court's decision in *Restor-A-Dent* because it did not find

abuse of discretion. 725 F.2d 871, 876 (2d Cir. 1983).  The Second Circuit in *Restor-A-Dent*

actually held there were common questions of fact since "[i]t seems clear that the same fact

question-the amount of monetary loss sustained for each type of damage claimed-is at issue in

the main action and in the coverage dispute." *Id.*  Moreover, the Court pointed out practical

advantages to intervention "in view of the economy of time and effort inherent in the use of

interrogatories in this situation." *Id.* at 877.  It further held that "had the trial judge permitted the

insurer to intervene under Rule 24(b)(2) for the limited purpose of proposing interrogatories to

the court for submission to the jury," it would likewise have upheld the decision. *Id.*

Similarly, here, the amount of monetary damages resulting from BDB's advertising

infringements is a determination involving the same facts as the underlying action.  Therefore, in

light of the judicial economy of preventing relitigation of the same set of facts, this Court should

permit Westfield to intervene.

### III.    CONCLUSION

For the reasons set forth above, Westfield's Motion to Intervene for the limited purpose

to submit jury interrogatories should be granted as a matter of right pursuant to Fed. R. Civ. P.

24(a)(2), or in the alternative, Westfield should be permitted to intervene pursuant to Fed. R. Civ.

P. 24(b)(2).

Date:      December 23, 2015                  Respectfully submitted,

By: _____

Ingrid He, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
Phone: 646-837-5756
E-mail: hei@whiteandwilliams.com
*Attorneys for Intervenor Westfield Insurance
Company*

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF THE STATE OF NEW YORK**

| | | |
|---|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., PEARSON EDUCATION, INC. AND ELSEVIER, LTD., | : : : : | CIVIL ACTION NO. 1:13-cv-00816 – (WHP)(GWG) |
| Plaintiff, | : | |
| v. | : : | |
| BOOK DOG BOOKS, LLC AND PHILIP SMYRES, | : : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 23, 2015, I electronically filed

Westfield's Reply Memorandum of Law in Support of Motion to Intervene and this Certificate of

Service, with the Clerk of the District Court using the CM/ECF system, which sent notification

of such filing to all counsel of record.

Date:   December 23, 2015

Respectfully submitted,

By: _____
Ingrid He, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
Phone: 646-837-5756
E-mail: hei@whiteandwilliams.com
*Attorneys for Intervenor Westfield Insurance*
*Company*