USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOHN WILEY & SONS, INC., *et al.*,          :

            Plaintiffs,          :          13cv816

      -against-          :          MEMORANDUM & ORDER

BOOK DOG BOOKS, LLC, *et al.*,          :

            Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

      John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc. (the "Publishers") bring this action against Book Dog Books, LLC and its CEO Philip Smyres ("Book Dog") alleging various claims, including a breach-of-contract claim. The Publishers move for summary judgment on one of their breach-of-contract claims for Defendants' failure to file suit in the appropriate forum. Magistrate Judge Gabriel Gorenstein issued a thorough report and recommendation (the "Report") recommending that this Court grant in part and deny in part the Publishers' motion for partial summary judgment. (ECF No. 281.) Defendants object to the Report. (ECF No. 284.) For the following reasons, this Court concurs in the result reached by the Magistrate Judge and grants in part the Publisher's motion for partial summary judgment for failure to comply with a forum-selection clause.

## BACKGROUND

      The Publishers create and distribute educational textbooks. (Second Amended Compl. ¶ 1, "SAC".) Book Dog Books, LLC is a textbook reseller. (SAC ¶ 2.) Over the years, the parties have sparred over the quality and source of textbooks that Book Dog offers. In 2007, the Publishers[1] sued Book Dog for copyright infringement, trademark infringement, trademark

---

[1] While not a plaintiff in this action, McGraw Hill Companies, Inc. was a plaintiff in the 2007 action.

dilution, common-law fraud, and unfair competition. See Cengage Learning Inc. et al. v. Buckeye Books, No. 07-cv-8540 (S.D.N.Y. filed October 2, 2007). In 2008, the parties settled that lawsuit and agreed to bring any "action, claim, controversy, dispute, lawsuit, motion or proceeding arising out of or related in any way to this Agreement" in New York (hereinafter, the "Settlement Agreement"). (Plaintiff's 56.1 Statement ¶ 5, "Pl.'s St.")

In December 2012, Book Dog filed a lawsuit in the Southern District of Ohio alleging that the Publishers[2] had wrongly accused Book Dog of infringement and shut down its textbook supply. See Book Dog Books, LLC v. Cengage Learning, Inc., No. 12-cv-1165 (S.D. Ohio filed December 18, 2012) (the "Ohio Action"). The Publishers moved to enforce the Settlement Agreement's forum-selection clause and transfer the Ohio Action to the Southern District of New York. (Ohio Action, ECF No. 20.) Concurrently, the Publishers filed this action, John Wiley & Sons v. Book Dog Books, No. 13-cv-816 (S.D.N.Y. filed February 4, 2013) (the "New York Action"). While the Publishers' motion to transfer the Ohio Action to New York was pending, Book Dog moved—presumably under the goose-gander rule—on May 8, 2013 to transfer the New York Action to Ohio. (ECF No. 9.) On June 21, 2013, this Court denied Book Dog's motion to transfer. (ECF No. 24.) In September 2013, the Ohio federal court followed suit and transferred the Ohio Action to the Southern District of New York.

This Court accepted the Ohio Action as related. (Ohio Action, ECF No. 44.) Thereafter, the parties stipulated to dismiss the transferred action. In the New York Action, the Publishers seek partial summary judgment on Book Dog's breach of the Settlement Agreement's forum-selection clause.

---

[2] John Wiley & Sons was not named as a defendant in the Ohio Action.

2

DISCUSSION

Courts "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews those portions of the Report to which objections are made de novo, and the remaining parts for "clear error on the face of the record." 28 U.S.C. § 636(b)(1); Cruz v. Colvin, No. 13-cv-1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014). Objections that reiterate arguments considered and rejected by a magistrate judge are reviewed for clear error. Fabricio v. Artus, No. 06-cv-2049, 2009 WL 928039, at *1 (S.D.N.Y. Mar. 12, 2009).

The Magistrate Judge concluded that Book Dog breached the forum-selection clause and offered no persuasive evidence that the contract was procured by fraud. Additionally, the Magistrate Judge found that there was a genuine issue of fact on the attorneys' fees and costs incurred by the Publishers. Book Dog argues that the Magistrate Judge improperly concluded that Defendants breached the forum-selection clause and that the Settlement Agreement was not voidable for fraud. (ECF No. 284.)

I. The Forum-Selection Clause in the Settlement Agreement

Under New York law, the "four elements of a breach of contract claim are: (1) the existence of a valid contract, (2) plaintiff's performance of the contract, (3) defendant's material breach of the contract, and (4) resulting damages." Harkabi v. SanDisk Corp., 891 F. Supp. 2d 527, 543 (S.D.N.Y. 2012) (citing Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011)).

The parties' Settlement Agreement provides that any dispute "arising out of or related in any way to th[e] Agreement" would be brought in New York. (Settlement Agreement

3

dated July 8, 2008, ECF No. 203-1, at 13.) That language is clear, and both this Court and the Ohio federal court concluded that the forum-selection clause was mandatory and enforceable. (Pl's St. ¶ 12.)

Book Dog argues that it did not breach the Settlement Agreement's forum-selection clause in the Ohio Action because it withdrew its claim for breach of the Settlement Agreement after sixteen days. However, Book Dog did not withdraw its request for declaratory judgment on copyright claims that were connected to the Settlement Agreement. (Ohio Action, Second Amended Complaint, ECF No. 14.) And the fact that Book Dog withdrew <u>part</u> of its claims later does not cure its initial breach of the forum-selection clause. Rather, the withdrawal of one claim is relevant only to the Publishers' damages—the attorneys' fees and expenses it incurred in defending the Ohio Action.

Book Dog also argues that its non-compliance with the forum-selection clause is excused because the Publishers breached the Settlement Agreement when they failed to advise Book Dog of investigations into pirated textbooks. But Book Dog's argument begs the question. The <u>purpose</u> of a forum-selection clause is to determine where to litigate a dispute about a contract. Thus, the question of whether the <u>forum-selection clause</u> was breached is entirely distinct from the question of whether the <u>contract itself</u> was breached:

> [W]hile [one party's] denial of its contractual obligations to [another] relieves [its obligation to perform] . . . that action does not work a repudiation of the forum-selection clause unless it is specifically directed at the clause itself. Were this not the case . . . the value of a forum-selection clause would be significantly diminished, since it will often be the case that a plaintiff can plausibly allege that the defendant's nonperformance constitutes a "repudiation" of its contractual obligations precluding it from recourse to the clause.

<u>See, e.g.</u>, <u>Marra v. Papandreou</u>, 216 F.3d 1119, 1125 (D.C. Cir. 2000) (internal quotation marks omitted); <u>see also</u> <u>APL Co. Pte. Ltd. v. Kemira Water Solutions, Inc.</u>, 890 F. Supp. 2d 360, 368

(S.D.N.Y. 2012) ("[A] forum-selection provision is separate from the obligations the parties owe to each other under the remainder of the contract.") (citation omitted). Accordingly, this Court concludes that Book Dog breached the Settlement Agreement's forum-selection clause.

II.  Fraudulent Inducement

Book Dog argues that the Settlement Agreement is voidable because it was fraudulently induced. To prove fraudulent inducement, Book Dog must prove "that the defendant made a representation, (2) as to a material existing fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing plaintiff to rely upon it, (6) that plaintiff reasonably did so rely, (7) in ignorance of its falsity, (8) to [his] injury . . . ." Solutia Inc. v. FMC Corp., 456 F. Supp. 2d 429, 449 (S.D.N.Y. 2006) (citing Computerized Radiological Servs. v. Syntex Corp., 786 F.2d 72, 76 (2d Cir. 1986)).

Book Dog claims the Publishers never intended to comply with the Notice Clause, requiring notification "in writing of any known Pirated Edition suppliers within a reasonable time after the Publishers' discovery of any such suppliers." (Settlement Agreement ¶ 11.) The Magistrate Judge concluded that Book Dog presented no persuasive evidence regarding the Publishers' intentions, and therefore the Settlement Agreement was valid. (ECF No. 281, at 11.)

Book Dog objects, arguing that because the Magistrate Judge was unable to observe the "attitude and demeanor" of the Publishers' witnesses at deposition, it was improper for him to conclude that there was no fraud in the making of the Settlement Agreement. (ECF No. 284, at 2.) Of course, the fact that the Magistrate Judge did not sit through every deposition taken by Book Dog does not preclude summary judgment, particularly when the evidence taken at those depositions is clear.

5

Nonetheless, even if Book Dog had been induced to enter into the Settlement Agreement as a <u>whole</u>, that does not bear on the enforceability of the forum-selection clause. As the Supreme Court has stated, it is not correct that "any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of <u>that clause</u> in the contract was the product of fraud or coercion." <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 509 n.14 (1974) (emphasis added); <u>see</u> <u>A.I. Credit Corp. v. Liebman</u>, 791 F. Supp. 427, 430 (S.D.N.Y. 1992) (citing <u>Scherk</u>, 417 U.S. at 509 n.14); <u>V.R.S. Indus. v. B.H.P.C. Mktg.</u>, No. 01-cv-0570, 2001 WL 1297809, at *2 (S.D.N.Y. Oct. 25, 2001) ("A party's claim of fraudulent inducement must be related to the specific forum selection clause, not merely the entire contract as a whole.").

### III. <u>Damages</u>

The Settlement Agreement explicitly provides that the parties may obtain attorneys' fees and costs in the event of a breach. (Settlement Agreement ¶ 17(a).) But the Publishers' attorneys' fees and costs in defending the Ohio Action cannot be awarded in their entirety because some of the claims in that action—such as claims for violating Ohio anti-trust law—did not "relat[e] to" the Settlement Agreement. Accordingly, this Court affirms and adopts the Magistrate Judge's conclusion that the damages "caused" by breach of the forum-selection clause cannot be addressed on the Publishers' submissions.

<u>CONCLUSION</u>

For the foregoing reasons, this Court adopts the conclusion of the Magistrate Judge's Report and Recommendation. This Court grants summary judgment on the Publishers' claim for breach of the forum-selection clause as to liability and denies summary judgment as to damages. The Clerk of Court is directed to close the motion pending at ECF No. 200.

Dated: March 25, 2016
      New York, New York

                                  SO ORDERED:

                                  WILLIAM H. PAULEY III
                                      U.S.D.J.

*All Counsel of Record via ECF.*