

Matthew J. Oppenheim
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
202.450.3958
matt@oandzlaw.com

April 20, 2016

*Via ECF and Facsimile*
The Honorable Gabriel W. Gorenstein
United States District Court
500 Pearl Street, Courtroom 6B
New York, NY 10007
(212) 805-4268 Fax

Re: *John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 1:13-cv-00816 (WHP)(GWG)

Dear Judge Gorenstein:

  We represent Plaintiffs in the above-referenced matter.  We write in connection with Plaintiffs' Motion for Summary Judgment on Defendants' Affirmative Defenses (Doc. No. 302), which has been fully briefed and is currently pending before the Court ("Plaintiffs' Motion").  As Your Honor may be aware, Judge Pauley recently issued two Memoranda & Orders concerning the parties' objections to certain of Your Honor's Orders and Reports and Recommendations issued in this case.  The Court's findings in those Memoranda & Orders are relevant to the Plaintiffs' pending Motion.

  First, Plaintiffs have moved for summary judgment on Defendants' Affirmative Defense No. 1 (First Sale Doctrine) on the basis that the First Sale Doctrine has no application to this case.  Plaintiffs' motion argued that the infringement claims are solely predicated on the importation and distribution of counterfeit textbooks.  In the Court's Memorandum & Order (Doc. No. 352), the Court agreed with Plaintiffs' articulation of the issue.  It stated, "The 'first sale' doctrine protects consumers or used-book sellers who, after buying a copyrighted work, choose to resell the copy to a third party.  *See Kirtsaeng v. John Wiley & Sons, Inc.,* 133 S. Ct. 1351, 1355 (2013).  However, the 'first sale' doctrine does not protect persons who resell pirated works.  *See Kirtsaeng*, 133 S. Ct. at 1361."  (Memorandum & Order, Doc. No. 352 at 6 n.6). This supports Plaintiffs' argument that Plaintiffs should be granted summary judgment in the First Sale affirmative defense.

  Second, Plaintiffs have moved for summary judgment on Defendants' Affirmative Defense No. 10 (Fraudulent Inducement) on the basis that Your Honor, in recommending that Plaintiffs' Motion for Partial Summary Judgment on breach of the forum selection clause be

Hon. Gabriel W. Gorenstein
April 20, 2016
Page 2 of 2

granted (Doc. No. 281), already concluded that Defendants could not adduce any evidence to support their fraudulent inducement defense.  In the Court's Memorandum & Order (Doc. No. 351), the Court similarly rejected Defendants' fraudulent inducement defense.  In doing so, the Court adopted Your Honor's conclusion "that Book Dog presented no persuasive evidence regarding the Publishers' intentions, and therefore the Settlement Agreement was valid." (Memorandum & Order, Doc. No. 351 at 5).  Summary judgment should therefore be granted on Defendants' affirmative defense of fraudulent inducement.

      Finally, Defendants have asserted the statute of limitations as a defense to various of Plaintiffs' claims, including Plaintiffs' claim for conspiracy to commit fraud (Affirmative Defense No. 11).  As Plaintiffs' conspiracy to commit fraud claim has now been dismissed, Defendants' statute of limitations defense to this claim is now moot.

      Summary judgment for the remaining seven affirmative defenses should also be granted for the reasons set forth in Plaintiffs' motion.

      We thank the Court for its consideration.

Respectfully submitted,

*/s/ Matthew J. Oppenheim*

Matthew J. Oppenheim

cc: All counsel (via ECF)