UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
JOHN WILEY & SONS, INC., *et al.*, :
                                   :
                                   :         13cv816
            Plaintiffs,            :
     - against -                   :
                                   :
                                   :
BOOK DOG BOOKS, LLC, *et al.*,     :
                                   :
            Defendants.            :
                                   :
----------------------------------X

----------------------------------X
                                   :
CENGAGE LEARNING, INC., *et al.*,  :
                                   :         16cv7123
            Plaintiffs,            :
     - against -                   :
                                   :
                                   :
BOOK DOG BOOKS, LLC, *et al.*,     :
                                   :
            Defendants.            :
                                   :
----------------------------------X

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

   The parties in these joined copyright and trademark infringement actions filed a battery of pre-trial motions: seventeen motions in limine, five motions to preclude expert testimony, and a motion for an adverse inference instruction.[1]  To focus the parties on issues that

---

[1] Familiarity with this Court's prior Opinion & Orders is presumed.  See, e.g., John Wiley &

require discussion, this Court seeks to clear the brush by ruling on twelve of the parties' motions prior to the conference next week. This Court reserves decision on the following motions: (1) Plaintiffs' motion to preclude expert testimony by Professor Wei Wu; (2) Plaintiffs' motion to preclude expert testimony by Gerald Hiller; (3) Plaintiffs' motion to preclude expert testimony by Ronald Quintero; (4) Plaintiffs' motion to preclude evidence of the existence of other infringers; (5) Plaintiffs' motion to preclude evidence of third-parties' counterfeit detection policies and practices; (6) Plaintiffs' motion to preclude evidence that Plaintiffs' distribute counterfeits; (7) Plaintiffs' motion to preclude certain affirmative defenses; (8) Defendants' motion to preclude the testimony of Plaintiffs' counterfeiting experts; (9) Defendants' motion to preclude expert testimony by Harry Steinmetz; (10) Defendants' motion to preclude admission of Plaintiffs' roadmap; and (11) Plaintiffs' motion for an adverse inference instruction.

## LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted). Evidence should only be excluded when it is "clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Courts considering a motion in limine may reserve decision until trial so that the motion is placed in the appropriate factual context. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Grp., 937 F. Supp. 276, 286–87 (S.D.N.Y.

---

Sons, Inc. v. Book Dog Books, LLC, 2016 WL 5092593 (S.D.N.Y. Sept. 19, 2016); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 2016 WL 1216583 (S.D.N.Y. Mar. 25, 2016).

1996).

## DISCUSSION

**A. Plaintiffs' Motion to Preclude Plaintiffs' Other Lawsuits**

Plaintiffs' motion to preclude evidence of Plaintiffs' lawsuits unrelated to this case is granted. Evidence of a party's lawsuits or generally litigious nature is regularly excluded as more prejudicial than probative. See, e.g., In re WorldCom, Inc. Sec. Litig., 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005). Any possible relevance of this testimony would be substantially outweighed by the burden of explaining the circumstances and the danger that such evidence would distract the jury. As explained below, this ruling does not preclude evidence of the prior lawsuit and settlement agreement between the parties.

**B. Plaintiffs' Motion to Preclude Defendants' Statistical Arguments**

Plaintiffs' motion to prohibit Defendants from presenting evidence regarding what percentage of books that Defendants sell are counterfeit is denied. This evidence may be relevant to determining the appropriate level of statutory damages. See Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 127 (2d Cir. 2014) (listing the considerations at play in determining statutory damages); Rolex Watch, U.S.A., Inc. v. Pharel, 2011 WL 1131401, at *5 (E.D.N.Y. Mar. 11, 2011), report and recommendation adopted, 2011 WL 1130457 (E.D.N.Y. Mar. 28, 2011) (in determining statutory damages, courts may consider "the size of defendant's counterfeiting operation"). Plaintiffs are free to challenge Defendants' statistics through cross-examination. This evidence is therefore not substantially more prejudicial than probative.

**C. Plaintiffs' Motion to Preclude Withdrawn Claims**

Plaintiffs' motion to preclude evidence regarding Plaintiffs' withdrawn claims is granted. Plaintiffs may have dropped these claims for any number of reasons, and it would be confusing and a waste of time to subject the jury to sorting through testimony about other works given the number of works at issue in this case. See Dial Corp., 2016 WL 690868, at *2 (excluding reference to claims that Plaintiffs had voluntarily dismissed).

**D. Plaintiffs' Motion to Preclude Challenge to Plaintiffs' Owning All Copyrights at Issue**

Plaintiffs' motion to preclude Defendants from challenging Plaintiffs' ownership of all copyrights at issue is denied. Ownership of a valid copyright for each work is an essential element that Plaintiffs must establish. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). This Court cannot determine through a motion in limine whether Plaintiffs have met this requirement.

**E. Plaintiffs' Motion to Preclude "Pejorative Terms"**

Plaintiffs' motion to preclude the use of various "pejorative terms" is denied. Although this Court agrees that language with no purpose but to inflame the jury or place another party in a negative light will have no place in this trial, it seems premature at this time to exclude certain words and phrases without hearing them in context.

**F. Plaintiffs' Motion to Preclude Settlement Discussions**

Plaintiffs' motion to preclude the content of prior settlement discussions is denied as moot based on the parties' agreement to refrain from offering such evidence.

### G. Defendants' Motion to Preclude Witnesses' Religion

Defendants' motion to preclude evidence of witnesses' religious beliefs is <u>denied as moot</u> based on the parties' agreement to refrain from offering such evidence.

### H. Defendants' Motion to Preclude Argument that Defendants Purchased Books at Prices "Too Good to be True"

Defendants' motion to preclude Plaintiffs from arguing that Defendants purchased books at prices "too good to be true" is <u>denied</u>. Although Plaintiffs have waived this argument for claims in <u>Cengage Learning, Inc. v. Book Dog Books, Inc.</u> ("<u>Book Dog Books II</u>"), Plaintiffs assert its relevance for determining willful infringement in <u>John Wiley & Sons, Inc. v. Book Dog Books, Inc.</u> ("<u>Book Dog Books I</u>"). This evidence is probative of whether Defendants knew they were distributing counterfeits. Because copyright infringement is determined on a work-by-work basis, a jury may consider this argument with respect to some works but not others. This Court will entertain a proposed limiting instruction from counsel.

### I. Defendants' Motion to Preclude Argument that Foreign Books are More Likely to be Counterfeit

Defendants' motion to preclude argument that the purchase of books from foreign suppliers may demonstrate willful infringement is <u>denied</u>. Again, Plaintiffs have waived this argument for works in <u>Book Dog Books II</u>, but not <u>Book Dog Books I</u>. This argument may be relevant to the question of willfulness and is not outweighed by the risk of juror confusion.

### J. Defendants' Motion to Preclude Evidence of Plaintiffs' Actual Damages

Defendants' motion to preclude evidence of Plaintiffs' actual damages is <u>denied</u>. While Plaintiffs make clear that they only seek statutory damages, they may offer evidence on the degree to which counterfeit books harm their business. This is a relevant consideration for

statutory damages, see Bryant v. Media Rights Prods., 603 F.3d 135, 144 (2d Cir. 2010), and is not foreclosed by the fact that Plaintiffs did not provide Defendants with a precise measure of Plaintiffs' actual damages.  Statutory damages address situations where "no actual damages are proven or they are difficult to calculate."  Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989).

**K. Defendants' Motion to Preclude Counterfeit Books not at Issue in the Case and Prior Settlement Between the Parties**

Defendants' motion to preclude other alleged counterfeit titles, as well as the prior settlement between the parties, is granted in part and denied in part.  Plaintiffs argue that newly discovered counterfeits demonstrate that Defendants are chronic and continuing copyright infringers.  Courts have wide discretion to admit other acts evidence under Federal Rule of Evidence 404(b).  United States v. Langford, 990 F.2d 65, 70 (2d Cir. 1993).  When considering the staggering number of works the jury will have to wade through, burdening them with even more titles that are not at issue would be confusing and unnecessary.  Accordingly, that evidence is excluded.  However, the prior settlement between the parties is relevant to Plaintiffs' breach of contract claim, and can be admitted at trial assuming a proper foundation.

**L. Defendants' Motion to Preclude Suggestion of a Specific Dollar Amount in Damages**

Defendants' motion to preclude Plaintiffs from requesting a specific dollar amount in damages is granted.  "[S]pecifying target amounts for the jury to award is disfavored" in this Circuit.  See Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1016 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031 (1996) ("Specific proposals have a real potential to sway the jury unduly" and "[are] not a desirable practice.").  Plaintiffs have not demonstrated sufficient reason to depart from this presumption.

## CONCLUSION

For the foregoing reasons, the parties' motions in limine are granted in part, denied in part, or reserved for trial.

Dated:  December 8, 2017
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.