

# MANDEL BHANDARI LLP

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

June 25, 2018

**BY ECF**



The Honorable William H. Pauley III
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

      Re:    <u>Cengage Learning, Inc. v. Book Dog Books, LLC, No. 16-cv-7123-WHP-GWG, John Wiley & Sons, Inc. v. Book Dog Books, LLC, No. 13-cv-816-WHP-GWG</u>

Dear Judge Pauley:

     We write on behalf of Defendants to request approval from this Court to execute certain agreements with its lender, PNC Bank ("PNC"), to effect a forbearance of monies owed to PNC. On May 7, 2018, the Court issued a Preliminary Injunction Order (the "Order") prohibiting Defendants from "effect[ing] any assignments or transfers outside the ordinary course of business . . . with the effect of circumventing or otherwise avoiding" the jury verdict in these cases. The Forbearance Agreement requires the Defendants to seek authority of this Court within seven (7) days of the Effective Date of the Forbearance Agreement for the Defendants to execute the Agreements described below. Defendants are seeking the Court's permission to enter into these agreements to ensure compliance with the Order. Before writing to this Court, we sought the consent of Plaintiffs to enter into these Agreements. Plaintiffs have asked to have until July 2, 2018 to respond to this request. Defendants have no objection to Plaintiffs responding to this letter on or before July 2.

<u>Request for Permission to Enter the Security and Pledge Agreements</u>

     As this Court is aware, on April 5, 2018, the jury returned a $34.2 million verdict against Defendants. PNC is a long-standing lender to Defendants. [Redacted]

     According to PNC, the jury verdict constituted an event of default on those loans, entitling PNC to demand the immediate repayment of these loans in their entirety. [Redacted]

The Honorable William H. Pauley III
June 25, 2018
Page 2

Redacted

Ultimately, Defendants were able to negotiate the attached Forbearance Agreement (Ex. A), Security Agreement (Ex. B), Pledge (Ex. C), Borrowing Base Rider (Ex. D), and Control Agreement (Ex. E) (collectively the "Agreements"). Redacted

Redacted

Defendants believe that the Agreements are in their, and their creditors' best interest. While PNC will no longer advance money under the previous loan agreements and has locked-in the credit commitment at the current loan balance, Defendants believe that they can continue operations and continue to make money to increase the value of the Defendants for the benefit of all their creditors. Although PNC's additional security interests and its decision not to lend additional funds to Defendants will place significant restrictions on Defendants' ability to operate at maximum capacity, Defendants' short-term projections demonstrate an ability to operate within the stricture of the borrowing base required by the Forbearance Agreement and to continue to make profits. The Forbearance Agreement permits PNC, in its discretion, to extend the forbearance, and Defendants are optimistic that PNC will grant such an extension if the Court approves the Agreements.

If Defendants do not enter into the Agreements, they believe that PNC will demand immediate repayment of the loans in full. Defendants lack the funds to pay back the loans at this time. If such a demand were made, a Chapter 11 filing would likely result. In short, the Agreements permit Defendants to remain operating and generating profits and, hopefully, avoid a Chapter 11 filing.

When PNC first took the position that the jury verdict constituted an event of default, Defendants promptly notified Plaintiffs of PNC's position. Defendants regularly updated Plaintiffs with information regarding their efforts to resolve PNC's concerns. PNC requested that Defendants not provide the Agreements to Plaintiffs until after the Forbearance Agreement was signed. Defendants signed the Forbearance Agreement effective June 18, 2018 and provided the Agreements to Plaintiffs shortly thereafter.

      Pursuant to the Preliminary Injunction, we respectfully request permission from this Court to enter into the Security and Pledge Agreements.

<u>Request to File Under Seal</u>

      In accordance with Section V(A) of this Court's Individual Practices, we request permission to file Exhibits A-E under seal. These Agreements set forth confidential information concerning Defendants' financial condition and the terms of PNC's lending agreements with Defendants. Accordingly, they constitute both private financial information and competitively sensitive business information appropriately submitted under seal.

      Contemporaneous with this submission, we have delivered unredacted copies of these documents to chambers via email, as directed by this Court's Rules.

Respectfully submitted,

/s/ Evan Mandel

Evan Mandel

cc:    Counsel of Record (via ECF)

> Application granted.

Dated: July 2, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.